MYARTT, Plaintiff in error, v. STATE, Defendant in error.*

*October 30—November 24, 1964.*

* Motion for rehearing denied, without costs, on February 2, 1965.

For the plaintiff in error there were briefs by *Mount & Keck* of Milwaukee, and oral argument by *Herbert L. Mount*.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, and *Ben J. Wiener,* deputy district attorney of Milwaukee county, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, and *William J. McCauley,* district attorney.

FAIRCHILD, J.   In denying Myartt's application, Judge STEFFES emphatically stated that neither in Myartt's case nor any other had he indicated in advance what the disposition of a case would be.   He noted Myartt's substantial past criminal record and the resulting impeachment of his credibility as well as the inference therefrom that Myartt was not misled.   He pointed to the advice given Myartt in open court as to possible penalties.   He expressed his confidence in the conduct of the attorneys involved.   We are satisfied that Judge STEFFES was not a party to any promise of probation or leniency, and that counsel did not misrepresent the situation to Myartt.

Aside from the claim of coercion or improper inducement,

"The question of the withdrawal of a plea of guilty or of *nolo contendere* is addressed to the discretion of the trial court. A decision to grant or deny a motion for withdrawal will not be disturbed on appeal unless it is shown to have been an abuse of discretion." [1]

We find no abuse of discretion here. Although Myartt had been in jail for about one year when he pleaded guilty, the record shows the preliminary examination on the possession charge was held February 26, 1962, and arraignment February 28, 1962. Thereafter there were frequent appearances in court and continuances, some on the motion of defense counsel, some by consent, and some without opposition. Notice of motion to suppress evidence was filed July 17th, and was heard and decided August 15, 1962. The complaint on the sale charge was filed August 20, 1962, this offense having allegedly occurred September 1, 1961. After a similar series of adjournments, the preliminary examination was held December 12, 1962, and arraignment occurred February 25, 1963.

Counsel for Myartt argues that the transcripts of the preliminary examinations indicate that the state's evidence may have been insufficient to prove Myartt guilty beyond a reasonable doubt. We do not know whether the state had evidence which was not introduced on the preliminary examination. Assuming, however, that it did not, the transcripts contain testimony of law-enforcement officers which, if fully credited, would have supported conviction.

Although our writs of error brought the judgments here for review as well as the denial of leave to withdraw the plea of guilty, there was no separate challenge of the judgments.

*By the Court.*—Judgments and order affirmed.

---

[1] *State v. Payne* (1964), 24 Wis. (2d) 603, 604, 129 N. W. (2d) 250.