STATE EX REL. KLINE, Petitioner, v. BURKE, Warden, Respondent.

*March 4, 1965.*

*Orville S. Luckenbach* of Shawano for the petitioner.

*George Thompson,* attorney general, and *William A. Platz,* assistant attorney general, for the respondent.

PER CURIAM. Conrad C. Kline petitioned this court for a writ of *habeas corpus* dated March 2, 1964.[2] We determined that the petitioner had made an arguably meritorious

[2] With respect to procedure in *habeas corpus* as an original action, see *In re Exercise of Original Jurisdiction* (1930), 201 Wis. 123, 129, 229 N. W. 643; *State ex rel. Doxtater v. Murphy* (1946), 248 Wis. 593, 598, 22 N. W. (2d) 685; and *State ex rel. Casper v. Burke* (1959), 7 Wis. (2d) 673, 678, 97 N. W. (2d) 703.

claim. The respondent was ordered to show cause why a writ of *habeas corpus* should not issue directing the release of the petitioner. A return was made by the respondent through the attorney general's office. We found that the petition and the return raised issues of fact. These issues were submitted to the circuit court for the county in which the crime was committed—circuit court for Shawano county, ANDREW W. PARNELL, circuit judge.[3] At the same time, we appointed Orville S. Luckenbach of Shawano to represent Kline in this matter, since the petitioner was found to be indigent. Mr. Platz, of the attorney general's office, moved to confirm the findings of fact and the petitioner's attorney objected to the findings of fact.

Kline entered a plea of guilty without benefit of counsel and was sentenced on September 13, 1956, for an indeterminate term of fifteen years for the crime of armed robbery. The petition for the writ of *habeas corpus* was based on the following alleged grounds:

1. The holding of the petitioner incommunicado vitiated the conviction and sentence.

2. The petitioner was deprived of his right to counsel.

3. The petitioner was denied the privilege against self-incrimination.

4. The petitioner was denied the right to face his accusers.

5. The petitioner was denied the right to a jury trial.

Judge PARNELL made the following findings of fact: Kline was not held incommunicado but had access to a phone and could have consulted with an attorney of his choice by asking the sheriff or anyone acting under him; the district attorney did not advise Kline that he should not ask for an attorney, nor did he threaten Kline with the maximum penalty of

---

[3] Sec. 251.12, Stats., permits us to send issues of fact to a circuit court for determination.

thirty years if he asked the court to appoint an attorney for him; petitioner's waiver of counsel and plea of guilty were not induced by any threats or statement made by the district attorney; Kline's waiver of counsel and his plea of guilty were "freely, voluntarily and understandingly made without threat, promise or intimidation;" and Kline was of sound mind and understood the nature of the charge lodged against him.

The record discloses that petitioner and his accomplices were arrested in Upper Michigan and were transported from there to the county jail at Shawano. They were brought before a magistrate and Kline waived preliminary hearing. Kline testified as follows: He was questioned in jail by then District Attorney Eberlein. Kline stated he would make no statement until he was provided with an attorney. Eberlein said he would see about providing an attorney. Later Kline did give and sign a statement. [This statement admitted guilt.] Kline also made a request both to the jailer and to an officer in uniform for an attorney which produced no results. After about two weeks in jail, Kline was marched from the jail across the lawn to the nearby courthouse for the court hearing of September 13, 1956. On the way to the courtroom he conversed with Eberlein and Eberlein then told him he was guilty of the charge, "and that if we cost the county the cost of hiring us an attorney and of a trial that he was going to see that we got thirty years." Scared by Eberlein's threat, Kline pleaded guilty before Judge Dillett.

The record discloses that on September 13, 1956, Kline was twenty-three years of age; he had had an eighth-grade education plus the equivalent of three years of high school received while an inmate of an industrial school; and had served a prior sentence in a Pennsylvania penal institution. He appears to be a man of intelligence because he testified that he had drafted his own petition for *habeas corpus*. It

is well drafted and would do credit to a lawyer draftsman. Judge PARNELL went out of his way to compliment Kline on having drafted such a good petition.

Eberlein testified that he could not recall Kline or any conversation had with him. However, he did testify:

"I would say this: I never did, in the ten years as District Attorney, coerce or influence any person against getting an attorney; and very frequently I went out of my way, where I felt the man did not fully understand or appreciate what the charge was, and I even recommended and suggested that they get an attorney."

The sheriff in office at the time testified that Kline was permitted to talk to other prisoners; that it was the practice in the jail to permit prisoners to use the phone to call an attorney if they requested it; and that such use of the phone was made available without cost to the prisoner.

The transcript of the hearing before Judge DILLETT on September 13, 1956, shows that before accepting Kline's plea of guilty the judge advised Kline of his right to counsel at county expense, and that Kline affirmatively waived such right of counsel. Kline, at the hearing before Judge PARNELL, admitted he had no defense to the charge but believed an attorney could have aided him by securing a lighter sentence, such as having him plead guilty to a lesser charge.

Kline's plea of guilty renders moot his claims with respect to his alleged right to face his accusers and to a jury trial.

On a review of the testimony and record we must accept the findings made by Judge PARNELL. The purpose of referral to the circuit court was to decide issues of fact, which includes passing on credibility. Judge PARNELL saw fit to believe former district attorney Eberlein and to disbelieve petitioner. Although the evidence was conflicting, the findings are not against the great weight and clear preponderance of the evidence. See *State ex rel. Casper v. Burke, supra.*

Petitioner cites *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. (2d) 977, in support of his contention that he was denied right to counsel in violation of his constitutional rights. *Escobedo,* however, had to do with the receipt into evidence of admissions made before trial to police officers. For an analysis of *Escobedo,* see opinion on rehearing, *Browne v. State* (1964), 24 Wis. (2d) 491, 511f, 511g, 129 N. W. (2d) 175, 131 N. W. (2d) 169. Kline, by his plea of guilty, waived the right to litigate the issue of the voluntariness and validity of the signed statement obtained by the district attorney from him while incarcerated in the county jail. See *Hawkins v. State* (1965), 26 Wis. (2d) 443, 132 N. W. (2d) 545. No claim is made by petitioner that he was induced to enter his plea of guilty because of this statement. He testified that the sole reason for such plea was the alleged threat made by the district attorney.

Petitioner further argues that the suggested subjects of inquiry and comments recommended in *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91, to be pursued by a trial court in accepting a waiver of counsel and a plea of guilty, were not followed by Judge DILLETT when petitioner waived counsel and pleaded guilty. However, the *Burnett Case* was decided almost eight years after petitioner Kline was tried. Merely because all the precautionary steps recommended in *Burnett* may not have been followed does not render constitutionally tainted an acceptance of waiver of counsel and a plea of guilty. Here, because of Kline's high intelligence, prior criminal record, and the fact that he was advised by Judge DILLETT of his right to counsel at public expense, there exists ample evidence to sustain Judge PARNELL's finding that Kline's waiver of counsel and his plea of guilty were freely, voluntarily, and understandingly made.

The findings of the circuit court are confirmed and the petition for *habeas corpus* is denied.