STATE, Respondent, v. PIERCE, Appellant.

*November 4—November 29, 1966.*

For the appellant there were briefs by *Frederick Hersh* and *John D. Finerty,* both of Milwaukee, and oral argument by *Mr. Finerty.*

For the respondent the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

HANLEY, J.   Two issues are raised on this appeal:

(1)  Did the defendant waive counsel and enter a plea of guilty to the charge freely, voluntarily, and understandingly?

(2)  Did the information filed charge an offense within the meaning of sec. 943.38 (2), Stats.?

The question of the withdrawal of the plea of guilty is generally addressed to the discretion of the trial court.[1]

In *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833, this court said:

"Although an application for leave to withdraw a plea is ordinarily addressed to the discretion of the court such withdrawal would be a matter of right if the applicant established in fact a denial of a relevant constitutional right, such as right to counsel."

Defendant Pierce refused counsel after being informed of his right to counsel at public expense and pleaded guilty.

The defendant now contends that the trial court's denial of the motion to withdraw the plea of guilty constitutes an abuse of discretion for various reasons.

The first contention is that the defendant was without counsel at the time of the entry of the plea of guilty. Where the defendant has waived counsel and pleaded guilty, no abuse of discretion can be successfully alleged unless the plea was involuntary.[2]

---

[1] *State v. Payne* (1964), 24 Wis. (2d) 603, 604, 129 N. W. (2d) 250; *Myartt v. State* (1964), 25 Wis. (2d) 634, 131 N. W. (2d) 371.

[2] *DeVougas v. State* (1966), 29 Wis. (2d) 489, 493, 139 N. W. (2d) 17; *Van Voorhis v. State, supra; Pulaski v. State* (1964), 23 Wis. (2d) 138, 126 N. W. (2d) 625.

Failure to have counsel is not sufficient ground to withdraw a plea of guilty if the waiver of counsel is made freely, voluntarily, and understandingly.

Defendant's major contention is that the plea was induced by representation of the prosecution that a recommendation would be made for a sentence less severe than that imposed, that such recommendations were normally followed by the trial court, and that no additional warrants would be issued for the other checks supposedly involved in the alleged forgery scheme. The defendant claims that prior to his pleading guilty, Assistant District Attorney Victor Manion suggested that if Pierce would not request the appointment of an attorney and would plead guilty, Manion would make sure no warrants were issued on the other checks allegedly involved and would recommend a sentence of three years to the Green Bay reformatory.

It does not appear from the record that the trial court considered the issue of whether or not a representation by the prosecution was made as alleged, and, if so, whether or not it was the motivating fact for the plea of guilty. The trial court without making a finding as to that issue denied the motion on all grounds.

We believe the matter must be remanded to the trial court for a specific finding of fact as to the issue of inducement or representation.

The defendant's next contention is that the questions propounded by the trial court at the time of the acceptance of the guilty plea met only two of the five standards set forth in *State ex rel. Burnett v. Burke* (1964), 22 Wis. (2d) 486, 126 N. W. (2d) 91.

In Wisconsin a plea of guilty may be voluntary even though the precautionary inquiries set forth in *State ex rel. Burnett v. Burke, supra,* are not followed.

This court in the *per curiam* decision of *State ex rel. Kline v. Burke* (1965), 27 Wis. (2d) 40, 45, 133 N. W. (2d) 405, said:

"Merely because all the precautionary steps recommended in *Burnett* may not have been followed does not render constitutionally tainted an acceptance of waiver of counsel and a plea of guilty."

In *State ex rel. Stroetz v. Burke* (1965), 28 Wis. (2d) 195, 200, 136 N. W. (2d) 829, this court gave the following reason for the rule:

". . . the evidence adduced at the hearing conducted by the circuit court may support a finding that the waiver of counsel was freely, voluntarily, and understandingly made by petitioner."

Here, because of the defendant's intelligence, educational background, his prior criminal record and the fact that he was advised by Judge COFFEY of his right to counsel at public expense, the nature of the offense and the possible length of sentence, there is ample evidence to sustain a finding that defendant's waiver of counsel and his plea of guilty were freely, voluntarily, and understandingly made, provided it was not made as a result of representations allegedly made by the prosecution prior to the defendant's plea of guilty.

In *Van Voorhis v. State, supra,* the following language is found (p. 223):

"Where the record shows compliance with sec. 957.26 (2), Stats., and an apparent waiver of counsel, the burden of proof is upon defendant to show that his waiver was not intelligent; where the record does not show such compliance, the burden is upon the state to show that waiver was intelligent."

The record in the instant matter shows that the trial court complied with the duty imposed upon it by sec. 957.26 (2), Stats.

The enactment of sec. 957.26 (2), Stats., came after the decision in *Burnett, supra.* Sec. 957.26 (1) involves two of the five suggested inquiries formulated in *Burnett, supra.*

The defendant's contention that the trial court's finding upon which the denial of defendant's motion is based relates only to whether defendant voluntarily waived the appointment of counsel to represent him and not to whether the assistant district attorney, prior to the entry of defendant's plea of guilty, made representations as stated above, and, if such representations were in fact made, whether such representations were a motivating factor behind the plea of guilty, in spite of the fact it may have been voluntary in other respects. This contention relates to the defendant's major contention that the entry of the plea was induced by representations of the prosecutor. We have already required the trial court to make a finding of fact as to this issue.

As to the issue of whether the information filed charged an offense within the meaning of sec. 943.38 (2), Stats., the defendant submits that the judgment of conviction should be reversed because the information to which the plea of guilty was made does not state facts sufficient to constitute a crime. The statute requires that the instrument involved be one that in the absence of the forgery would have created, transferred, or terminated legal rights or obligations. It is then contended that the bank check does not on its face do so by reason of the ambiguity of the execution. The ambiguity claimed is that the check on its face does not have the formal requisite for a corporate execution. Defendant apparently refers to the fact that the check appears to be a corporate check and the signature of the maker does not indicate corporate capacity.

We think it is inconsistent, to say the least, that defendant, after obtaining money through the use of the forged check, should claim it was void on its face, creating no rights whatsoever. There is no authority which sets down one method that corporations must follow in signing their checks. We conclude the cause must be

remanded to the trial court for a determination of the issue of representation and inducement and for a specific finding as to the voluntariness of the waiver of counsel and the plea of guilty.

In such inquiry neither party is limited to the facts of record prior to conviction but may offer additional evidence relevant to the issue. *Van Voorhis v. State, supra.*

It appears the testimony of the assistant district attorney, Victor Manion, is essential for proper determination of the issue.

*By the Court.*—Order vacated. Cause remanded with directions.