Charles H. CREIGHBAUM, No. 8702–A, Petitioner,

v.

John C. BURKE, Warden, Wisconsin State Prison, Respondent.

No. 67–C–184.

United States District Court
E. D. Wisconsin.

Dec. 4, 1967.

Darryl K. Nevers, Milwaukee, Wis., for petitioner.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

### OPINION AND ORDER

TEHAN, Chief Judge.

On June 12, 1967 a petition for writ of habeas corpus was filed in this court by Charles H. Creighbaum, an inmate of Wisconsin State Prison, the court having granted the petitioner leave to file his petition in forma pauperis.

The petitioner alleges here that two consecutive five-year sentences imposed on him on January 6, 1966 by the County Court, Dodge County, Wisconsin, Hon. Clarence G. Traeger presiding, for violation of §§ 943.10(1) and 940.22, Wisconsin Statutes, were illegal (1) because the County Court failed to advise petitioner on the range of potential punishment; (2) because the County Court did not properly advise petitioner of the value of legal assistance; (3) because the court did not properly investigate the merits of the petitioner's charge of duress during pre-trial custody; (4) because, taken together, these alleged miscarriages resulted in petitioner's waiver of counsel, which was neither freely, voluntarily, nor understandingly done; and (5) because the County Court acted in a generally prejudicial manner toward petitioner.

Following the petitioner's conviction, the County Court, Dodge County, denied petitioner's application to withdraw his plea of guilty, after a full evidentiary hearing. The Wisconsin Supreme Court affirmed the order. Creighbaum v. State, 35 Wis.2d 17, 150 N.W.2d 494 (1967). Shortly thereafter, this petition was filed. The original response to this petition filed by the attorney general for the State of Wisconsin rests on the validity of this decision, denying that the custody of petitioner is a violation of any provision of the United States Constitution. Having stipulated that no additional evidentiary hearing was necessary, the parties submitted their cases on the pleadings and record, including the State court proceedings, as well as the written briefs and oral arguments presented here on November 16, 1967.[1]

Having heard these oral arguments and having carefully reviewed the pleadings and record and briefs of counsel, this court incorporates by reference the fact findings of the Wisconsin Supreme Court in Creighbaum v. State, supra, and reaches the following conclusions:

■ First, the petitioner's conviction occurred before the United States Supreme Court handed down its landmark opinion in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which was decided on June 13, 1966 and declared prospective on June 20, 1966 in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Therefore, this court is constrained to follow a flexible pre-Miranda standard for determining whether the petitioner sufficiently understood his rights to counsel, intelligently waived them and understandably entered a plea of guilty. This flexible standard, most recently adhered to by this court in Stroetz v. Burke, 268 F.Supp. 912 (E.D.Wis.1967), dictates that this court take into consideration the facts in each particular case. Insofar as this standard bears on the present issues, this court feels obliged to follow a test formulated in *Stroetz*, (p. 917), namely:

> "In determining the fairness of allowing a purported waiver of counsel to stand * * * it is our opinion that at the very minimum a defendant must understand not only the nature of the charge but the seriousness of the penalties the law prescribes for the violation."

See also Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Cox v. Burke, 361 F.2d 183 (7th Cir. 1966).

■ We conclude from a review of the totality of circumstances, including the petitioner's past criminal record, arrest, custody and conviction, and in view of the petitioner's formal education (high school diploma), that the petitioner freely, voluntarily and understandingly waived his right to counsel and entered a plea of guilty to the charges for which

1. This court would like to commend Mr. Darryl Nevers, a member of the Milwaukee, Wisconsin Bar, who agreed to serve without compensation as the petitioner's counsel here. He ably briefed and argued the petitioner's interest.

he was convicted. Most important, in view of the above guidelines which we are constrained to follow, he did this, while fully understanding the nature of the charges against him. It was reasonable for the State court to infer from the circumstances that the petitioner was experienced in like proceedings (already having been imprisoned twice for felonies, including burglary), and was fully aware of the general legal implications which might follow from gravely imperiling another man by beating him over the head with an iron bar; further Judge Traeger expressly, timely and clearly indicated to the petitioner that the charges were, indeed, "serious". (Dodge County Trial Court Record, p. 3).

 Since the purpose of advising a defendant of the probable range of punishment is to suggest to him the seriousness of his alleged crime and since the seriousness clearly had been impressed upon the petitioner here, we hold that it was not mandatory, under the circumstances, for the State court formally to warn the defendant of the precise range of punishment he might anticipate. It was reasonable for the State trial court to conclude, under the circumstances, that the petitioner fully appreciated the implications of his waiver of counsel and plea of guilty, without having been expressly reminded of the precise range of punishment awaiting him. Cox v. Burke, 361 F.2d 183 (7th Cir. 1966); Spanbauer v. Burke, 374 F.2d 67 (7th Cir. 1966). A decision to the contrary would represent a triumph of form over substance. See *Spanbauer,* supra, at 74.

Second, it is clear from the record that the petitioner not only was offered legal assistance, but also repeatedly urged to accept it by Judge Traeger, despite the petitioner's adamant refusals and ultimate waiver of counsel. Even apart from the care taken by Judge Traeger in urging counsel upon the petitioner, the value of legal assistance should have been obvious to him not only from the manifest seriousness of his conduct in committing the crime but also from his prior personal involvement in court proceedings.

Third, we find the Wisconsin Supreme Court's decision reasonable that the petitioner failed to sustain his burden of proof as to the third claim of duress. It should be noted that this ground was not relied on during the course of the oral arguments here.

Finally, the petitioner's fifth ground merely reiterates similar vague defenses raised in the State proceedings, and fails again for lack of specificity to set forth any meritorious ground.

Accordingly, it is ordered:

That the petition of Charles H. Creighbaum for a writ of habeas corpus be denied.