Charles H. CREIGHBAUM, Petitioner-Appellant,

v.

Warden John C. BURKE, Respondent-Appellee.

No. 16691.

United States Court of Appeals
Seventh Circuit.

July 31, 1968.

Certiorari Denied Nov. 18, 1968.
See 89 S.Ct. 386.

Darryl K. Nevers, Milwaukee, Wis., for appellant.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellee.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge and SWYGERT, Circuit Judge.

KNOCH, Senior Circuit Judge.

The petitioner-appellant, Charles H. Creighbaum, appeals from denial of his petition for writ of habeas corpus filed in forma pauperis in the United States District Court. The District Judge granted a Certificate of Probable Cause.

The petitioner is serving two consecutive five-year sentences imposed by the County Court, Dodge County, Wisconsin, after a plea of guilty entered without advice of counsel, to charges of burglary and aggravated battery. After sentence, the Trial Judge, after full evidentiary hearing, denied petitioner's motion for leave to withdraw his plea of guilty. The Court's action was affirmed by the Wisconsin Supreme Court in Creighbaum v. State of Wisconsin, 1967, 35 Wis.2d 17, 150 N.W.2d 494. The Wisconsin Supreme Court noted (at page 495) that the petitioner was informed by the Magistrate that both charges were felonies, punishable by imprisonment and that counsel would be appointed if petitioner were indigent. Petitioner was urged to accept counsel because these were serious charges, but petitioner refused counsel, stating that he did not need an attorney to say he was guilty and that if he waited for counsel the matter would drag on and would end in a guilty plea anyway. In the course of further questioning, the Magistrate was told that petitioner had previously been convicted of crimes, and that he had a high school education. Petitioner answered "yes" when asked if he was aware of the charges against him. The petitioner also said he wished to waive preliminary hearing. The magistrate finally told petititoner that he could not force counsel on petitioner, set bail and bound petitioner over for further proceedings.

Two days later when it appeared that the victim would survive, after head surgery, an information was filed. Had the victim of petitioner's battery died, some form of homicide would have been charged. Again the Court made strenuous efforts to induce petitioner to accept counsel which petitioner refused.

Petitioner later complained as he does here that he was merely asked if he understood the charges but that nobody actually told him the nature of the charges, the range of allowable punishments and possible defenses, or offenses included within the charges.

The information was read to the petitioner in open court, and he said he understood the charges. The record shows the Court repeatedly offered counsel at public expense. After hearing the information, the petitioner pleaded guilty. We cannot agree that he had already foreclosed his chances of accepting appointment of counsel by his statements made in response to the complaint before the Magistrate prior to having heard the information.

Petitioner contends that the State and District Court Judges erroneously employed subjective standards in determining the validity of waiver of counsel and guilty plea, which the petitioner asserts were improperly presumed to have been knowingly, intelligently and understandingly made. Petitioner contends that the burden should be placed on the State to prove that these waivers and pleas are so made as an affirmative element. He cites Miranda v. State of Arizona, 1966, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 [although that case was held to be non-retroactive in effect in Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882] which is nonapplicable here as this was a pre-Miranda trial. Although petitioner agrees that this Court is not bound by Miranda, he suggests that this Court may want to follow its reasoning in this case.

Petitioner takes issue with the "flexible" standard applied here by the District Judge, in reliance on Cox v. Burke, 7 Cir., 1966, 361 F.2d 183, 186, cert. den. 385 U.S. 939, 87 S.Ct. 304, 17 L.Ed.2d 218, which is concerned with fundamental fairness: determination of the legal adequacy of waiver of counsel is made in view of the totality of circumstances of a particular case. The District Court in applying this pre-Miranda standard took into consideration all the facts in this case, properly weighing the petitioner's prior acquaintance with criminal process and prison, his past experience of the consequences of a guilty plea and his knowledge of the benefits of counsel, together with the clear advice given him that the charges here were serious.

Petitioner argues that the Court was speculating on what actually was in the petitioner's mind.

The District Court, Judge Robert E. Tehan, in his opinion, 287 F.Supp. 463, gave careful consideration to the various elements of the issue raised. The petitioner was repeatedly offered counsel, he was warned of the gravity of the charges, he had prior experience of criminal proceedings. We agree with Judge Tehan that:

It was reasonable for the State trial court to conclude, under the circumstances, that the petitioner fully appreciated the implications of his waiver of counsel and plea of guilty, without having been expressly reminded of the precise range of punishment awaiting him. Cox v. Burke, 361 F.2d 183 (7th Cir., 1966); [cert. den. 385 U.S. 939] [87 S.Ct. 304, 17 L.Ed.2d 218;] Spanbauer v. Burke, 374 F.2d 67 (7th Cir. 1966) [cert. den. 389 U.S. 861] [88 S.Ct. 111, 19 L.Ed.2d 127]. A decision to the contrary would represent a triumph of form over substance. See Spanbauer, supra, at 74.

As to degree of offenses, it is immaterial that the Wisconsin statutes may provide a greater penalty for armed burglary than simple burglary. The information did not allege that the petitioner was armed; nor did the information charge the battery as an aggravating factor in the burglary.

We have before us a transcript of the full proceedings in open court. We need not conjecture about custodial interrogation at the police station level, which was the concern in Miranda. The record gives every indication that the petitioner made a competent waiver of counsel repeatedly offered to him at no expense to him. The burden was on the petitioner to show that this was not a competent waiver. He made no such showing.

The Court appreciates the able and skilled efforts of Mr. Darryl K. Nevers of the Wisconsin bar who represented the petitioner as Court-appointed counsel.

The decision of the District Judge is affirmed.

Affirmed.