REIFF, Plaintiff in error, v. STATE, Defendant in error.

*No. State 20. Argued January 3, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 249.)

370

For the plaintiff in error there was a brief by *Richard Perry* and *Zubrensky, Padden, Graf & Bratt,* all of Milwaukee, and oral argument by *Mr. Perry.*

For the defendant in error the cause was argued by *David J. Cannon,* district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Terence T. Evans,* assistant district attorney.

HEFFERNAN, J. In *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court restated and clarified the factors to be considered when reviewing the order of a trial court on a motion to withdraw a plea of guilty.

It was therein pointed out that our previous holdings, notably *Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625, established that a motion to withdraw a plea of guilty and for a new trial "is a motion '. . . directed to the discretion of the court in the interest of justice . . . .' " *Reppin, supra,* page 384.

We restated the *Pulaski* rule that:

" '. . . the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence . . . [or] . . . if for any reason the granting of the privilege [of withdrawing the plea and standing trial] seems fair and just.' " *Reppin, supra,* page 384.

We reiterated the statement from *Van Voorhis v. State* (1965), 26 Wis. 2d 217, 223, 131 N. W. 2d 833, that "an accused has a right to withdraw his plea if he establishes '. . . in fact a denial of a relevant constitutional right, such as right to counsel.' " Where such a denial has been established, we denominated the refusal to permit the withdrawal of the plea as an abuse of discretion as a matter of law. The burden of proving adequate grounds for the withdrawal of a plea is upon the movant, and must be sustained by clear and convincing evidence. In *Reppin* we, for the first time, adopted the "manifest injustice" test proposed by the American Bar Association Project on Minimum Standards for Criminal Justice. Two of the standards therein adopted are relevant to this writ of error.

" '(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

" '(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" '(2) . . . .

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

" '(4) . . . .' " *Reppin, supra,* page 385, footnote 2.

Mr. Justice HALLOWS in *Reppin* summarized the "manifest injustice" rule by stating, "The test at this stage is not whether the defendant is guilty but whether he was fairly convicted." *Reppin, supra,* page 386.

The defendant herein contends that he did not voluntarily waive counsel because at the time he refused counsel he was in a "dazed" state or, as he put it in his motion to the trial court, he was "so upset I was not able to realistically face the situation which confronted me." He also contends that his was not an intelligent or voluntary waiver or plea because he made it without an understanding of the elements of the charge, the defenses that might be available to him, and the sentencing alternatives.

The essence of the defendant's motion is the contention that his conviction was manifestly unjust because he was denied the right to an attorney, who could have informed him of all the ramifications of possible defenses and sentencing alternatives.

Certainly, the trial judge could hardly have made clearer the right to counsel at state expense. Almost five pages of the record are devoted to the arraigning judge's explanation of the right to counsel and his searching questions to determine whether the defendant did in fact wish to waive counsel. On at least seven occasions during the course of arraignment and prior to the plea, the defendant stated he did not want counsel appointed for him, and on at least three occasions he was told that the crime with which he was charged carried a potential prison sentence of two years. The defendant was asked the nature of the charge and he correctly stated, "abandonment." In response to a question, he acknowledged that no threat or promises of any kind were the inducement for his plea. To the court's question, "Are you doing this entirely freely and voluntarily?" the defendant answered, "Yes."

The answers to all questions were responsive, and while one cannot applaud the judgment of a person accused of serious crime who refuses counsel, the answers were indicative of a normal intelligence and a ready perception. As the trial judge stated on the motion for the withdrawal of the plea:

". . . there is no physical manifestation recorded in the transcript at any time of any lack of capacity on the part of the defendant at any time not to comprehend the proceedings against him by virtue of any subjective mental state."

It is perfectly apparent that the defendant has failed to establish by clear and convincing evidence that his plea was involuntary by virtue of a "dazed" condition which prevented a proper understanding and appreciation of the nature of the charges against him and the consequences of his plea.

Defendant points out, however, that the trial judge failed to follow all of the guidelines suggested in *State ex rel. Burnett v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91. An examination of the transcript shows this contention to be literally, but not substantially, true. The trial judge specifically established three of the criteria suggested in *Burnett* at page 494. He established the "accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries," and "whether any promises or threats have been made to him in connection with his appearance, his refusal of counsel, and his proposed plea of guilty," and he made "sure that the defendant understands that if a pauper, counsel will be provided at no expense to him." We are also satisfied that, by his questioning, the trial judge was able "to determine the extent of the defendant's education and general comprehension."

The one guideline not clearly covered by the trial judge's question is No. 4 of the *Burnett* guidelines, which directs that the judge "alert the accused to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to a layman such as the accused."

Even this guideline was, however, considered. Prior to accepting the plea, the trial judge stated:

"Two years to the prison, if you are convicted of the same. I can't tell you what is going to happen—I mean, that is the potential sentence. So it might be desirable that you have the services of an attorney to give you the proper advice and discuss the matter with you, don't you think so?"

The admonition we believe to be in substantial conformity with the suggestion contained in the fourth guideline of *Burnett.*

It is, of course, clear that the guidelines of *Burnett* are not mandatory. *Rafferty v. State* (1966), 29 Wis. 2d 470, 474, 138 N. W. 2d 741; *State ex rel. Stroetz v. Burke* (1965), 28 Wis. 2d 195, 199, 200, 136 N. W. 2d 829; *State ex rel. Kline v. Burke* (1965), 27 Wis. 2d 40, 45, 133 N. W. 2d 405; *Creighbaum v. State* (1967), 35 Wis. 2d 17, 150 N. W. 2d 494.

The guidelines are not an end in themselves. They are merely a suggested method of assuring that the waiver of counsel and a subsequent plea are not constitutionally tainted, and that the waiver and plea are made freely, voluntarily, and understandingly. We have capsulized these tests in the language of *Reppin, supra.* Under that case, the ultimate question is whether a plea was taken under such circumstances that the refusal to permit a withdrawal of it constitutes a "manifest injustice." The mere recital herein of the transcript dispels that suggestion.

Defendant places great emphasis on the fact that he was not advised of the probation alternatives set forth in sec. 52.05 (4), Stats.[1] It is clear that he was not so advised.

The test of whether a defendant has properly been apprised of the consequences of his plea has generally been, as stated in *Reppin,* footnote 2, page 385: Was the plea ". . . entered without knowledge of the charge or that the sentence actually imposed could be imposed." It is clear that this defendant was so apprised. He was told that a two-year sentence, the sentence imposed, could be imposed. It would thus appear that the defendant is objecting to the judge's failure to inform him of sentencing alternatives less severe than the maximum sentence. What Reiff appears to be complaining about is the absence of counsel at sentencing, a critical stage in the proceedings. *State v. Strickland* (1965), 27 Wis. 2d 623, 635, 135 N. W. 2d 295. Implicit in his

[1] "ORDER FOR SUPPORT IN LIEU OF PENALTY; RECOGNIZANCE. Before the trial, with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty hereinbefore provided or in addition thereto, the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court from time to time, as circumstances may require, directing the defendant to pay a certain sum weekly, semimonthly, monthly, or as the circumstances may permit, for a period not exceeding 2 years, to the wife or to the guardian, curator or custodian of the said minor child or children, or to an organization or individual approved by the court as trustee; and shall also have the power to release the defendant from custody on probation for the period so fixed, upon his or her entering into a recognizance, with or without surety, in such sum as the court or a judge thereof in vacation may order and approve. The condition of the recognizance shall be such that if the defendant shall make his or her personal appearance in court whenever ordered to do so, and shall further comply with the terms of such order of support, or of any subsequent modification thereof, then such recognizance shall be void, otherwise of full force and effect."

present complaint is the hope that counsel could have persuaded the sentencing judge to place the defendant on probation. Whatever merit the defendant's contention might have in the abstract, it appears meritless in the context of this case. The record at sentencing reveals that, following the defendant's arrest on August 14th but prior to sentencing on August 31st, the defendant's earlier parole from Waupun on a nine years' sentence for burglary had been revoked. Under these circumstances, it hardly appears realistic to conclude that the sentencing alternative of a supervised release was available to this defendant. It should also be noted that, at the time of Reiff's arrest on the felony charge of abandonment, he was an escapee from a Huber Act commitment on a prior misdemeanor charge of nonsupport. We need not decide that the judge's failure to recite the lesser sentencing alternatives was a breach of the *Burnett* or *Reppin* guidelines to conclude that the omission was hardly prejudicial to Reiff. We are satisfied that the defendant has failed to establish by clear and convincing evidence that it was an abuse of discretion or a manifest injustice to deny the motion to withdraw the plea of guilty.

*By the Court.*—Order affirmed.