STATE, Respondent, v. CARLSON, Appellant.

*No. State 9. Argued September 14, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 851.)

---

[12] *Johnson v. State, supra.*

For the appellant there were briefs and oral argument by *Adrian P. Schoone* of Racine.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

CONNOR T. HANSEN, J. Two issues are raised on appeal: (1) The state contends the trial court lacked jurisdiction to consider defendant's motion for withdrawal of pleas because it was not served and filed within one year from the finding of guilty; and (2) the defendant contends the trial court erred in denying defendant's motion to withdraw his pleas of guilty.

*Lack of jurisdiction.*

The trial court made a finding of guilty on November 6, 1968, by accepting the defendant's guilty plea. Defendant filed a *pro se* motion with this court on October 31, 1969, within the one-year time period, and a writ of error was issued on the same date. However, counsel for the defendant was not appointed until November

11, 1969, after the one-year time limit had run. Subsequently, that attorney was relieved of his appointment, and the attorney presently representing defendant was appointed on November 14, 1969. On November 21, 1969, seven days after his appointment, counsel for the defendant orally moved the court to withdraw the pleas of guilty in open court with actual notice to the district attorney's office. At that time the trial court noted the motion was timely. On December 15, 1969, the motion was served and filed.

These facts are nearly identical to those in *Meunier v. State* (1970), 46 Wis. 2d 271, 174 N. W. 2d 277, where the defendant made a *pro se* motion within the one-year time limit and his counsel, appointed after the year had run, perfected the motion shortly after his appointment. This court held that the defendant should not be deprived of having his case reviewed on the merits, where he had made his complaint known within the one-year period, but due to administrative procedures, his counsel was unable to perfect the motion until after that period.

In the present case, since the defendant made his complaint known within the one-year limit, and the defendant's counsel moved that the pleas be vacated shortly after his appointment, the trial court did not abuse its discretion in considering the motion timely.

### *Withdrawal of pleas.*

Defendant contends that his guilty plea may be withdrawn as a matter of right when caused by a violation of a relevant constitutional right. In determining whether a defendant will be allowed to withdraw a plea of guilty, the test applied is whether a manifest injustice would exist if the plea were allowed to stand. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9. Though *Reppin* sets forth four illustrative situations constituting manifest injustice, these situations are not

exclusive of other facts which meet the test of manifest injustice. *State v. Reppin, supra; State v. Biastock* (1969), 42 Wis. 2d 525, 167 N. W. 2d 231. This court has long recognized that a defendant may withdraw a plea of guilty as a matter of right where caused by a violation of a relevant constitutional right. *Creighbaum v. State* (1967), 35 Wis. 2d 17, 150 N. W. 2d 494. This rule was reaffirmed by this court in *Ernst v. State* (1969), 43 Wis. 2d 661, 667, 170 N. W. 2d 713, which was decided subsequent to *Reppin* and the adoption of the manifest injustice test.

Respondent contends, however, that defendant has waived any objections to violation of his constitutional rights by his voluntary plea of guilty. Respondent cites *McMann v. Richardson* (1970), 397 U. S. 759, 90 Sup. Ct. 1441, 25 L. Ed. 2d 763, for the proposition that a defendant by voluntarily pleading guilty, with advice and assistance of counsel, waives any claim that his plea was a result of an illegally obtained confession. In *McMann*, the United States Supreme Court held that a defendant who alleges only that he pleaded guilty in a state court because of a prior coerced confession is not, without more, entitled to a hearing on his motion for habeas corpus in a federal district court. However, the court in that case was considering a defendant whose plea was entered with full awareness of possible constitutional challenges to the admissibility of his confession, and was not concerned with a defendant who, at the time he pleaded guilty, was unaware of a potential challenge based on violation of constitutional rights prior to the plea.

A distinction between these two types of situations had been recognized in Wisconsin. In *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545, this court stated that a plea of guilty is deemed a waiver of objections to violations of constitutional rights occurring prior to entry of the guilty plea. However, the defendant

in that case was aware of a potential challenge before he pleaded guilty.

"We are of the opinion, however, that a plea of guilty is properly deemed a waiver of the claim of unlawful search and seizure, where, as here, the pleas were voluntarily and understandingly entered by one who had assistance of counsel. The circumstances under which the same would be true if assistance of counsel had been waived need not be delineated here. Perhaps, in practice, the question would be decided in determining whether there has been intelligent waiver. Conceding that Hawkins, who had assistance of counsel, was influenced in his decision to plead guilty by his awareness of the incriminating evidence in the hands of the police and the fact that his motion to suppress had been denied, it does not seem unfair to require that if he wanted to litigate further his claim of unlawful search, he should have continued with his pleas of not guilty." *Hawkins v. State, supra,* pages 449, 450.

In *Brisk v. State* (1969), 44 Wis. 2d 584, 588, 172 N. W. 2d 199, this court stated that the waiver doctrine set forth in *Hawkins, supra,* is not controlling, but that one seeking to withdraw a guilty plea may be relieved from the effects of his waiver if without such relief a manifest injustice would exist:

". . . In *Reppin,* this court reviewed *Hawkins* and pointed out the waiver doctrine did not prevent the application of *Reppin* because the withdrawal of the plea is dictated by the demands of manifest injustice. To be sure, the effects of a knowledgeable voluntary plea of guilty is a waiver of prior errors. But the question under *Reppin* is whether the plea is to be withdrawn and it cannot be argued logically the errors or grounds for relief were waived and therefore the plea cannot be withdrawn. As we said in *Reppin,* such a contention is arguing in a vicious circle. The question on a motion to withdraw a plea is not whether the accused has waived his rights but whether he should be relieved from such a waiver. . . ."

In *State v. Biastock, supra,* page 532, this court stated that the *Hawkins* waiver doctrine was not applicable where the accused was unaware that his constitutional rights had been violated at the time his guilty plea was entered. The court there stated that if the defendant's plea was caused by a violation of a relevant constitutional right and if the defendant was not aware of a potential challenge at the time his plea was entered, his constitutional objections were not waived:

"Thus, in *Hawkins,* the defendant made his decision to plead with full knowledge that if he chose to do so, he could proceed to trial and if convicted appeal on the grounds of illegal search and seizure. In this situation, *Hawkins* makes it clear that by his plea of guilty, defendant waived objections to alleged violations of his constitutional rights occurring prior to his plea even though such violations were a direct cause of the entry of the guilty plea.

"On the other hand, if a defendant was not fully aware of a potential challenge to possible violations of his constitutional rights and his plea of guilty was the direct result of and caused by these possible constitutional violations, *Hawkins* would permit the defendant, in this limited situation, to raise such constitutional objections in the petition for the withdrawal of the guilty plea."

Moreover, as stated previously, this court indicated that a defendant in such a case has not only not waived these objections, but is entitled to withdraw his guilty plea as a matter of right:

"In *Biastock* there was no allegation that the accused was unaware of possible violations of his constitutional rights at the time he pleaded guilty. The court therefore refused to allow him to raise such issues in his motion to withdraw the plea. In the instant case such issues were properly raised in the motion because the defendant asserted that by virtue of his 'ineffective' counsel he was 'unaware' of the potential challenge to the admissibility of the allegedly coerced confession and the tainted evidence. If in fact he had been denied a relevant con-

stitutional right, he would have been able to withdraw his plea as of right. *Creighbaum v. State* (1967), 35 Wis. 2d 17, 29, 150 N. W. 2d 494." *Ernst v. State, supra,* page 667.

"Ordinarily the question of withdrawal of a guilty plea is addressed to the discretion of the trial court. The only exception to this rule is where the defendant establishes a denial of a relevant constitutional right. Under that situation, withdrawal is a matter of right. *Creighbaum v. State* (1967), 35 Wis. 2d 17, 29, 150 N. W. 2d 494." *State v. Willing* (1968), 39 Wis. 2d 408, 412, 159 N. W. 2d 15.

Thus, in order that he be entitled to withdraw his pleas of guilty as a matter of right, the defendant must establish three things: (1) That there occurred a violation of a relevant constitutional right, (2) that this violation caused him to plead guilty, and (3) that at the time of his guilty plea he was unaware of potential constitutional challenges to the prosecution's case against him because of that violation.

At the hearing of defendant's motion to withdraw his guilty pleas, the trial court questioned the defendant as to whether his pleas had been voluntarily and understandingly entered and determined that such was a fact, and thereupon denied the motion.

We consider that the trial court should have made findings of fact on whether: (1) The defendant's constitutional rights had been violated prior to the entry of the defendant's plea, (2) whether, if such violation had occurred, it had caused his plea of guilty, and (3) if so, whether the defendant was unaware of potential challenges at the time he entered his plea. The court should have then granted or denied the defendant's motion on the basis of these findings.

The defendant had the burden of proving grounds for withdrawal of his guilty plea by clear and convincing evidence. *State v. Reppin, supra; Reiff v. State* (1969), 41 Wis. 2d 369, 164 N. W. 2d 249.

From our examination of the record, we are convinced the defendant did not establish by clear and convincing evidence that his pleas of guilty were a direct result of the alleged violation of his constitutional rights.

In this case the defendant pleaded guilty to an information charging him with nine counts of burglary. The allegedly inadmissible statement had no bearing on the eight Milwaukee county burglaries to which the defendant also pleaded guilty. Those charges were consolidated at the defendant's request pursuant to sec. 956.01 (13), Stats., and could not have been consolidated unless the defendant pleaded guilty to the Racine county burglary. There was no claim by the defendant that he requested consolidation because he had already proffered an incriminating statement as to one of the charges. Thus the defendant did not prove by clear and convincing evidence grounds for withdrawal of his plea.

The defendant testified at the hearing that he had wanted the charges consolidated and that he knew the charges could not be consolidated unless he pleaded guilty to all of them. Defendant signed an application to consolidate the Milwaukee county burglaries so that he could plead guilty and be sentenced for all of them in Racine county. Defendant thereafter pleaded guilty to the information charging him with all the admitted crimes. The consolidation procedure is frequently a matter of trial strategy and is desirable from the standpoint of the defendant because it allows him to plead guilty to all outstanding charges and to receive one penalty for all the offenses, because the sentences imposed frequently are served concurrently. In this case, the defendant was sentenced to an indeterminate term not to exceed five years on each count, the sentences to run concurrently, and has thus reaped the benefits of the consolidation procedure.

*By the Court.*—Order affirmed.