STATE, Plaintiff-Respondent, v. ROCK, Defendant-Appellant.

Supreme Court

*No. 77-244-CR. Submitted on briefs November 5, 1979.—Decided December 4, 1979.*
(Also reported in 285 N.W.2d 739.)

For the appellant the cause was submitted on the briefs of *Donald S. Eisenberg* and *Kevin F. Milliken,* both of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *J. Douglas Haag,* assistant attorney general.

WILLIAM G. CALLOW, J.   Defendant-appellant Eugene F. Rock (defendant) appeals from an order denying a motion to withdraw his plea of no contest to one count of income tax fraud on the ground that he was denied the effective assistance of counsel prior to entry of his plea. We conclude the trial court's finding that the defendant was not without effective representation is not against the great weight and clear preponderance of the evidence and should be affirmed.

Defendant was charged in a criminal complaint with four counts of income tax fraud, contrary to sec. 71.11 (42), Stats., alleging in excess of $130,000 in unreported personal income for the tax years 1969 through 1972. Defendant is the owner and operator of Rock's Round Barn restaurant in Spring Green. Defendant retained Attorney Thomas G. Ragatz (Ragatz) as trial defense counsel.

After his initial appearance, the defendant, pursuant to a written agreement with the Attorney General's office, waived his right to a preliminary examination in exchange for being given complete access to all pertinent Department of Revenue files and work papers relating to the charges. Ragatz directed the defendant's accountant, a Certified Public Accountant, to review and examine the records provided by the Department of Revenue. The accountant spent seventy to eighty hours ex-

amining the Department's records and spent a total of approximately three hundred hours directly working on the accounting aspects of the tax fraud charges up to the date of entry of the plea. The accountant testified that he was never able to reconcile the defendant's books and records with the bank deposits which were reflected in the Department of Revenue's investigation. The defendant had reported for the years in question either a deficit income or no income at all; while at the same time, the bank deposit records for that period of time revealed thousands of dollars in deposits. The accountant informed Ragatz that the only errors he found in the state's case were minor errors. Ragatz personally participated in a portion of the actual review and examination of the Department's files.

During the time the accountant was analyzing the Department of Revenue's files, the defendant was arraigned. When the analysis was completed, Ragatz and Assistant Attorney General Douglas Haag entered into plea negotiations on August 26, 1976, which provided that the defendant would enter a no contest plea to count four of the information in exchange for the state's motion to dismiss counts one, two, and three and the state's promise not to prosecute the defendant for any other criminal income tax matters or sales tax fraud involving any of the defendant's activities related to any of the matters in the information. The state agreed to recommend a forty-five day period of incarceration as a condition of two years probation; and it was agreed that the defendant could argue for a $5,000 fine, while the state would request a $10,000 fine.

On September 3, 1976, the defendant entered his plea of no contest to a single count of income tax fraud contrary to sec. 71.11(42), Stats. The trial court accepted the plea, and the remaining three counts were dismissed. The defendant was sentenced in strict accordance with

the plea agreement, and the trial court imposed an $8,000 fine payable as a condition of probation. At the defendant's request, the term of incarceration was not to begin until January 3, 1977.

After conviction and sentencing, on September 24, 1976, the defendant substituted Attorney Donald S. Eisenberg (Eisenberg) for Ragatz as counsel. Eisenberg moved to withdraw the defendant's plea of guilty on grounds of allegedly ineffective representation by trial counsel Ragatz. The trial court granted a stay of execution of the sentence pending a hearing on the motion. On March 31, 1977, and April 4, 1977, an evidentiary hearing was held to consider the alleged ineffectiveness of Ragatz. On August 10, 1977, the trial court denied defendant's motion in its "Decision on Motion to Withdraw Plea," specifically finding the assistance of counsel to be not ineffective. An order denying the motion to withdraw the plea of no contest was entered August 25, 1977. Defendant appeals.

This court has adopted the "manifest injustice" test under which a defendant will be entitled to withdraw a plea only when he is able to show that his plea was made under any of the following or similar situations:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."

*State v. Reppin*, 35 Wis.2d 377, 385 n. 2, 151 N.W.2d 9 (1967), quoting ABA Project on Minimum Standards for

Criminal Justice *Standards Relating to Pleas of Guilty* (Tentative Draft, February, 1967), sec. 2.1(a) (ii) (1–4), 53; *Hatcher v. State,* 83 Wis.2d 559, 564, 266 N.W.2d 320 (1978). This list is not exhaustive of situations which might constitute manifest injustice. *State v. Reppin,* supra at 386. The defendant has the burden of proving grounds for withdrawal of his plea by clear and convincing evidence. *White v. State,* 85 Wis.2d 485, 491, 271 N.W.2d 97 (1978).

Ordinarily the question of withdrawal of a plea is addressed to the discretion of the trial court. The trial court's decision will not be disturbed on appeal unless an abuse of discretion is shown. The only exception to this rule is where defendant establishes a denial of a relevant constitutional right. Under that situation withdrawal is a matter of right. *Creighbaum v. State,* 35 Wis.2d 17, 29, 150 N.W.2d 494 (1967) ; *Edwards v. State,* 51 Wis. 2d 231, 234, 186 N.W.2d 193 (1971). This is the equivalent of saying the trial court abuses its discretion as a matter of law in not allowing the withdrawal of a plea under such circumstances. *State v. Reppin, supra* at 384. To withdraw a plea as a matter of right on constitutional grounds, the defendant must show: (1) that a violation of a constitutional right has occurred; (2) that this violation caused him to enter a plea of guilty or of no contest; and (3) that at the time of his plea, he was unaware of the potential constitutional challenges to the case against him because of the violation. *Hatcher v. State, supra* at 565; *State v. Carlson,* 48 Wis.2d 222, 230, 179 N.W.2d 851 (1970). This court has indicated that trial courts should make findings of fact as to each of these three elements and grant or deny the defendant's motion on the basis of these findings. *Id.* The trial court's factual findings will not be upset by this court "unless contrary to the great weight and clear prepon-

derance of the evidence." *Ernst v. State,* 43 Wis.2d 661, 668, 170 N.W.2d 713 (1969).

In *State v. Harper,* 57 Wis.2d 543, 557, 205 N.W.2d 1 (1973), this court adopted a standard for assessing counsel's performance: "Effective representation is not to be equated, as some accused believe, with a not-guilty verdict. But the representation must be equal to that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his services." A defendant "is not entitled to the ideal, perfect defense or the best defense but only to one which under all the facts gives him reasonably effective representation." The contention of the defendant that Ragatz should have conducted the defense differently[1] does not establish that Ragatz was ineffective. The question presented is whether there was a basis in reason for Ragatz's actions. *Weatherall v. State,* 73 Wis. 2d 22, 28, 242 N.W.2d 220 (1976).

Defendant first claims that Ragatz's representation was ineffective and inadequate in that he failed to challenge the validity of the complaint. Ragatz testified that his office investigated whether or not the complaint was defective, reviewed the charges against defendant, and found no significant defects in the complaint. He and an associate determined that a magistrate could find, from the information contained in the complaint, probable cause that tax fraud had been committed. Consistent with the requirements of *Jaben v. United States,* 381 U.S. 214 (1965), and *State ex rel. Pflanz v. County Court,* 36 Wis.2d 550, 558–59, 559, 153 N.W.2d 559

[1] This hindsight-is-better-than-foresight approach has been identified by this court as " 'Monday-morning quarterbacking' "; *Weatherall v. State,* 73 Wis.2d 22, 25, 242 N.W.2d 220 (1976); *Lee v. State,* 65 Wis.2d 648, 657, 223 N.W.2d 455 (1974); *Ameen v. State,* 51 Wis.2d 175, 186, 186 N.W.2d 206 (1971).

(1967), the complaint contains a "sufficient disclosure of the source of the complainant's information and knowledge and his identity and qualifications to enable the magistrate to satisfy himself that the conclusion or judgment of an expert in tax matters is probably correct." Ragatz's decision not to challenge the sufficiency of the complaint was reasonable.

The defendant's second contention is that Ragatz's recommendation to defendant to waive his preliminary examination was ineffective assistance. Defendant testified at the evidentiary hearing that Ragatz never fully advised him regarding the preliminary examination; that he was never told of the advantages which a preliminary hearing might entail; and that he was never informed of his right of discovery. Ragatz testified that defendant was advised of facts concerning his right to a preliminary hearing and of his right to discovery. Ragatz also testified he determined that materially more information would be available pursuant to an agreement with the Attorney General's office providing access to the state's file than would be available under formal discovery procedures. Another consideration in the recommendation to waive the preliminary examination in exchange for access to Department of Revenue records was Ragatz's judgment that a preliminary would reveal little of the state's case while exposing defendant to undesired publicity. While the defendant's testimony is in conflict with that of Ragatz's, "the trial court is not obligated to accept the defendant's statements as verities, [and] this court is not obligated to upset the findings of the trial court and thereby under *Creighbaum* allow the defendant to withdraw his plea as of right." *Ernst v. State, supra* at 668–69. The conclusion that Ragatz's recommendation to waive the preliminary examination in exchange for increased access to pertinent records had a

basis in reason is not contrary to the great weight and clear preponderance of the evidence.

The defendant's third contention is that Ragatz was ineffective in failing to suppress the state's evidence prior to plea negotiations. The record shows that Ragatz studied the facts and law related to such to a motion and had an extensive and detailed research memorandum prepared on the issue. Ragatz also obtained a stipulation from the state waiving any objection to the timeliness of any motion to suppress. He testified that he specifically discussed the suppression motion with the defendant, although defendant denies such discussion. Ragatz concluded a motion to suppress would have a fair likelihood of success but that the evidence which would be suppressed could be easily replaced by other evidence, and there would be no material damage done to the state's case. Accordingly, Ragatz determined that because a plea bargain had been negotiated a motion to suppress was not required. The great weight and clear preponderance of the evidence does not show that Ragatz's decision was without a basis in reason.

As a fourth contention, defendant claims Ragatz misrepresented to defendant the state's burden of proof. The trial court rejected this claim, noting:

"The Court is satisfied that the defendant was not advised that he must prove himself innocent but rather that after the presentation of the State's evidence, he would have to offer a reasonable explanation of the differences brought out by the State's evidence in reconciliation (as well as the reconciliation by his own accountant)."

Ragatz testified that he explained to defendant the burden of proof in criminal cases as well as the practical effect of not being able to offer any defense to the particular charges against the defendant. In this regard the

state submits that, if Ragatz had failed to advise the defendant of his assessment of the case, Ragatz might be deemed guilty of ineffective representation. Sec. 5.1 (a), 234, of ABA Project on Standards for Criminal Justice *Standards Relating To The Prosecution Function and The Defense Function* (Approved Draft, 1971):

"**5.1 Advising the defendant.**
" (a) After informing himself fully on the facts and the law, the lawyer should advise the accused with complete candor concerning all aspects of the case, including his candid estimate of the probable outcome."

Accordingly, the trial court's finding and conclusion that Ragatz's conduct with respect to informing defendant of the burden of proof did not constitute ineffective representation is not against the great weight and clear preponderance of the evidence.

The defendant's fifth contention is that Ragatz's representation was ineffective because he avoided confrontation with the prosecution. Defendant asserts that Ragatz's unwillingness to alienate the prosecution while in the midst of negotiations for access to the state's files demonstrates trial counsel's ineffective advocacy. Since Ragatz preserved his right to conduct discovery, defendant does not explain how Ragatz's attitude prejudiced his case. He does, however, assert that he disagreed with Ragatz's decision not to alienate the prosecution, but this does not require a finding that Ragatz's techniques amounted to ineffective representation.

The defendant's sixth contention is that Ragatz pressed the defendant for an admission of guilt to justify a plea recommendation because of Ragatz's belief in the defendant's guilt. Ragatz explained that the decision to explore a plea bargain was made after Ragatz learned the defendant and his accountant were unable to offer any explanation or reconciliation between defendant's

tax returns and other evidence showing a substantial amount of allegedly unreported income in the years specified in the charges and later years. Ragatz advised defendant to accept the plea agreement rather than to proceed to trial without a valid theory of defense. ABA *Standards—Pleas of Guilty, supra* at 70, sec. 3.2(b), provides:

"(b) To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and of considerations deemed important by him or the defendant in reaching a decision."

The accompanying commentary states:

"It is apparent that the defendant need to know the probability of being convicted should he decide to stand trial. Because this requires a careful evaluation of the problems of proof, of possible defenses, and the like, few defendants can make this appraisal without the aid of counsel. . . .

"Defense counsel cannot predict many of these matters with certainty, but the defendant is nonetheless entitled to his best professional judgment." *Id.*, Commentary at 70–71.

We find no support for the contention that Ragatz's conduct does not measure up to this standard; nor can trial counsel be faulted for recommending acceptance of the plea agreement: "Once the lawyer has concluded that it is in the best interests of the accused to enter a guilty plea, he should use reasonable persuasion to guide the client to a sound decision." ABA *Standards—The Defense Function, supra,* sec. 5.1(a), Commentary at 235.

We conclude the defendant has not demonstrated that the great weight and clear preponderance of the evidence is contrary to the trial court's finding. The record clearly supports the trial court's finding that Ragatz's representation of the defendant was not ineffective.

*By the Court.*—Order affirmed.