STATE of Wisconsin, Plaintiff-Respondent,

V.

Daniel Charles LUKASIK, Defendant-Appellant.†

Court of Appeals

*No. 82–707. Argued February 11, 1983.—*
*Decided September 13, 1983.*
(Also reported in 340 N.W.2d 62.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Jack E. Schairer*, assistant state public defender. Oral argument by *Jack E. Schairer*.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general,

*Thomas J. Balistreri,* assistant attorney general. Oral argument by *Thomas J. Balistreri.*

Before Scott, C.J., Voss, P.J., and Brown, J.

VOSS, P.J.  Daniel Charles Lukasik was charged with first-degree murder. After entering a plea of guilty, he was convicted and sentenced. Subsequently, Lukasik filed a sec. 974.06, Stats., motion to vacate the judgment of conviction. Lukasik now appeals from the circuit court order denying his motion.

The notable issue in this case is the ineffective counsel argument. The general rule in cases involving ineffective assistance of counsel is that the subject counsel be notified of and be present at the hearing where counsel's competency is questioned so that he or she may explain prior actions. In this case, prior counsel has passed away, and there is no way to examine counsel's prior actions. Therefore, we must decide the requisite burdens of proof and standards of review under these facts.

Lukasik pled guilty to first-degree murder. A guilty plea to this offense is highly unusual. Lukasik claims that although he killed his girlfriend, Julie Hinze, he did not do it intentionally and argues two points. First, his attorney did not adequately explain intent to kill or adequately question his belief that he intended to kill Julie Hinze. Second, the trial court did not adequately explain the element of intent.

On the evening of March 28, 1978, Daniel Lukasik went to see Reverend Cletus Kramer, pastor of the United Methodist Church in Berlin. Lukasik informed Pastor Kramer that Julie Hinze, his girlfriend, was dead. Pastor Kramer advised Lukasik to contact the legal authorities. Officer Rodencal was then contacted. Rodencal arrived at the church and conversed with Lukasik. Before giving any *Miranda* warnings, Rodencal asked if Julie Hinze was still alive; Lukasik answered that she

was not. Lukasik was then informed of his rights. After being so informed, Lukasik told Rodencal that he had shot his girlfriend and that she was at his apartment. Lukasik then gave Rodencal his keys to his apartment.

Officer Rodencal called for support to transport Lukasik to the sheriff's department. Deputy Wirth was dispatched and took Lukasik into custody. Wirth did not give Lukasik *Miranda* warnings because he was told that Lukasik had been informed of his rights and that Lukasik understood them. While in the squad car, Lukasik made several voluntary statements to the effect that he shot Julie Hinze.

In the meantime, Officer Rodencal had gone to Lukasik's apartment. Rodencal, in his police report, indicated that the door was unlocked, although he later stated that it may have been locked. Officer Rodencal and Sheriff Rasmussen entered and discovered Julie Hinze's body.

After Lukasik had arrived at the Green Lake County Sheriff's Department, he was again given *Miranda* warnings and interviewed by Officers Bruendl and Rodencal. The law enforcement officials present stated that Lukasik, at that time, again admitted to intentionally killing Julie Hinze.

Lukasik was charged with first-degree murder. The court appointed Attorney Frank Lisheron to represent Lukasik. After his arraignment, a plea of not guilty and not guilty by reason of mental disease or defect was entered.

The day before the trial, Lukasik called Attorney Lisheron and told him he wished to change his plea to guilty. Subsequently, Lukasik appeared with his attorney before Judge Jerold Murphy. Judge Murphy informed Lukasik that the first-degree murder charge carried a mandatory life sentence. The court also stated that Lukasik would be pleading guilty to intentionally causing the death of Julie Hinze. At that time, Lukasik

stated he was pleading guilty due to his free choice. He was then informed of the constitutional rights he was waiving. Next, Attorney Lisheron told the court he believed the plea was voluntary and that Lukasik understood the nature of the charge. The court found the plea to have been voluntarily and intelligently made. On June 13, 1978, Lukasik was found guilty and was sentenced to life imprisonment.

On June 19, 1981, Lukasik filed a sec. 974.06, Stats., motion in Green Lake County Circuit Court. Lukasik's motion papers alleged that he never told anyone he intentionally meant to shoot Julie Hinze. He also claimed language to that effect in his statement given at the Green Lake County Sheriff's Department was untrue and incorrect. Furthermore, Lukasik alleges that he told his attorney about the defects in the statement, but it was not pursued by Lisheron, nor did Lisheron explain how to best challenge the statement. Lukasik also alleged that he did not read the final version of the statement, and intent was never explained to him by any of the officers.

He further claims his unawareness of the necessity to find intent to murder was not clarified by the trial court when he entered his plea of guilty. In particular, Lukasik alleges that the element of intent was never fully explained to him by the court. Lukasik also maintains that his attorney did not explain to him, although he so requested, the details of the element of intent. Furthermore, he contends no explanation by counsel was given regarding the availability of any defenses on the issue of intent or explanations as to lesser charges of second-degree murder or manslaughter. Lukasik also complains his attorney did not discuss trial strategy or tactics with him. In addition, Lukasik argues that he pled guilty because he thought he had no defenses and wanted to spare the victim's family the trauma of a trial.

On November 19, 1981, a hearing was held where Lukasik presented evidence to support his sec. 974.06, Stats., motion. The court issued a written order denying the sec. 974.06 motion. It is from this order that Lukasik now appeals.

Attorney Lisheron died between the time Lukasik pled guilty and the post-conviction hearing. The general rule that applies when a defendant questions the effectiveness of his previous counsel is set forth in *State v. Simmons,* 57 Wis. 2d 285, 297, 203 N.W.2d 887, 894–95 (1973) :

We think it inappropriate for counsel on appeal to attack the competency of trial counsel on an unsupported assumption that his conduct at trial was not the result of carefully reasoned professional judgment. When the competency of trial counsel is questioned, it is incumbent upon one who seeks to show that incompetency to give notice to trial counsel that his handling of a criminal matter is being questioned on post-trial or postconviction proceedings. We do not believe that the professional competence of a lawyer should be determined *ex parte* on the unsupported allegations of a disappointed defendant that another choice of strategy might have been preferable.

According to this rule, if, for any reason, the attorney whose competency is questioned cannot appear to explain his actions, then the defendant's claim of ineffective counsel cannot be considered. We believe it would be too harsh to strictly apply this rule under the circumstances existing here. On the other hand, to allow Lukasik to give only his side of the story, without more, would place the State in an extremely difficult position.

The State concedes that to deny a claim of ineffective counsel to a person when prior counsel is unavailable would be too harsh a consequence. The State argues, however, that evidence above and beyond the defendant's testimony is necessary to prove counsel's ineffectiveness

in this factual circumstance. On the other hand, Lukasik would have the court allow his testimony regarding Lisheron's ineffectiveness to stand on its own.

We agree with the State's position. A defendant on a post-conviction motion may bring a claim of ineffective counsel. If the counsel in question cannot appear to explain or rebut the defendant's contentions because of death, insanity or unavailability for other reasons, then the defendant should not, by uncorroborated allegations, be allowed to make a case for ineffectiveness. The defendant must support his allegations with corroborating evidence. Such evidence could be letters from the attorney to the client, transcripts of statements made by the attorney or any other tangible evidence which would show the attorney's ineffective representation. "A defendant 'is not entitled to the ideal, perfect defense or the best defense but only to one which under all the facts gives him reasonably effective representation.'" *State v. Rock,* 92 Wis. 2d 554, 560, 285 N.W.2d 739, 742 (1979). (Citations omitted.) In other words, we will presume that counsel had a reasonable basis for his actions, and the defendant cannot by his own words rebut this presumption. Such a burden will assure that post-conviction proceedings will not be brought solely on the basis of ineffective counsel when counsel dies or for some other reason becomes unavailable to explain his or her prior actions.

The burden of proving grounds for withdrawal of a plea is by clear and convincing evidence. *White v. State,* 85 Wis. 2d 485, 491, 271 N.W.2d 97, 100 (1978). The burden on the defendant of proving ineffective counsel when that counsel is unavailable for response will be the same.

After reviewing the record and applying the above factor, we find that Lisheron's assistance to Lukasik was not ineffective. Nowhere in the record are there any statements by Lisheron that would prove he shirked his duties as Lukasik's representative.

We now turn to the question of whether the trial court adequately explained the elements of the offense of first-degree murder when Lukasik plead guilty.

This Court has adopted the "manifest injustice" test under which a defendant will be entitled to withdraw a plea only when he is able to show that his plea was made under any of the following or similar situations:

. . . .
"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed."

*Rock*, 92 Wis. 2d at 558, 285 N.W.2d at 741–42. (Citations omitted.) We must determine whether the trial court erred in finding that the plea was entered with knowledge of the charge. "Ordinarily the question of withdrawal of a plea is addressed to the discretion of the trial court. The trial court's decision will not be disturbed on appeal unless an abuse of discretion is shown." *Id.* at 559, 285 N.W.2d at 742.

Lukasik's main argument is that the element of intent was not adequately explained. Judge Andrew P. Cotter was the judge who heard the post-conviction motion. The record shows he thoroughly reviewed the transcripts of the proceeding in which Lukasik plead guilty. Judge Cotter noted that Judge Murphy had asked the question, "You understand what the Court previously stated—that you are pleading guilty then to intentionally causing the death of Julie Hinze on the 28th day of March, 1978? Do you understand that?" Lukasik answered, "Yes, I do, Your Honor." Judge Cotter also noted that part of

the evidence considered by Judge Murphy was what is known as exhibit three. This exhibit was a voluntary statement,[1] and in the statement Lukasik was asked, "Did you think about doing this before you shot her?" Lukasik answered, "Yes, I did." Judge Cotter then concluded that the record showed Lukasik entered into the plea of guilty freely and voluntarily and that he knew he was pleading guilty to intentionally causing the death of Julie Hinze.

Since deference must be given to the trial court's discretion, Lukasik will be entitled to a reversal of this conclusion only if, in light of the facts, it was without a reasonable basis. *Littmann v. Littmann,* 57 Wis. 2d 238, 250, 203 N.W.2d 901, 907 (1973).

Lukasik has failed to prove Judge Cotter's decision was unreasonable. Lukasik argues repeatedly that the element of intent was not explained to him by Judge Murphy. The trial court in its findings states that intent was explained to him, that the word "intent" was used at various times throughout the transcripts of the guilty plea hearings and that at no time was there an indication that Lukasik did not understand the meaning of intent. Furthermore, Lukasik, who has had some college education, testified he did understand he was pleading guilty to intentionally causing the death of Julie Hinze. Based upon the above facts and upon Lukasik's failure to show Judge Cotter's discretion was exercised in an unreasonable manner, we affirm Judge Cotter's decision

---

[1] This statement was taken at the Green Lake County Sheriff's Department on March 28, 1978 at 11:25 p.m. The statement was subject to a motion to suppress heard by Judge Murphy on May 25, 1978. At the hearing, Attorney Lisheron argued substantially for suppression of this statement. However, the court denied the motion.

that Lukasik voluntarily entered into the plea with knowledge of the charge.

Finally, Lukasik argues that at the post-conviction proceedings Judge Cotter erred in refusing to admit the results of Lukasik's two polygraph tests as evidence. We disagree. Lukasik recognizes that as of September 1, 1981, polygraph tests were no longer admissible as evidence in Wisconsin courts. *State v. Dean,* 103 Wis. 2d 228, 229, 307 N.W.2d 628, 629 (1981). However, Lukasik points out the polygraph testings took place in early 1980 and, therefore, should have been considered by the trial court in its post-conviction review. In support of his position, Lukasik cites the case of *McMorris v. Israel,* 643 F.2d 458 (7th Cir. 1981), *cert. denied,* 455 U.S. 967 (1982). Specifically, he alleges that since no reasons were given by the prosecutor for failing to consent to the admissibility of the polygraphs pursuant to *State v. Stanislawski,* 62 Wis. 2d 730, 216 N.W.2d 8 (1974), the trial court erred in rejecting the test. *McMorris,* 643 F.2d at 466. Lukasik fails to set forth the fact that the Green Lake county prosecutor did give a reason for excluding the polygraphs. The prosecutor, in his brief in opposition to the motion, said he opposed this evidence because it was secured almost two years after the events, thus making the evidence unreliable. Therefore, a valid reason was given for not stipulating to the tests.

Since a *Stanislawski* stipulation was not entered into with good reason, the polygraph examinations were properly denied by the trial court. Furthermore, since such a stipulation was not entered into before September 1, 1981, according to *Dean,* the evidence contained in the tests is inadmissible.

*By the Court.*—Order affirmed.