STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth A. BROOKS, Defendant-Appellant.†

Court of Appeals

*No. 84-2099-CR. Submitted on briefs February 11, 1985.—
Decided April 23, 1985.*
(Also reported in 369 N.W.2d 183.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the appellant there were briefs by *Kalal & Habermehl* and *Alan G. Habermehl* of Madison.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Cane, P.J., Dean and LaRocque, JJ.

LaROCQUE, J. Kenneth Brooks appeals an order denying post-conviction relief from two judgments of conviction. He was convicted of possession of a firearm by a felon, sec. 941.29(2), Stats., and for maintaining a dwelling used for keeping controlled substances, sec. 161.42(1), Stats. He claims ineffective assistance of counsel based on his trial counsel's failure to challenge the search of his home. Brooks also argues that the jury instructions for the sec. 161.42(1) offense misstated the law. Because Brooks's trial counsel's decision not to challenge the execution of the search warrant meets the standard of a reasonable attorney, we affirm the part of the order that relates to the weapons charge. Because the jury instructions in the controlled substances prosecution misstated the law to Brooks's prejudice, we reverse the part of the order relating to the controlled substances charge.

Law enforcement officials searched Brooks's home pursuant to a search warrant. The officers found a handgun on Brooks and cocaine and drug paraphernalia in various locations in the home. Brooks's attorney did not move to suppress the evidence seized in the search. After Brooks and his attorney testified at the post-conviction motion hearing, the trial judge concluded that the attorney had effectively represented Brooks.

Brooks first argues that his trial counsel's failure to challenge the execution of the search warrant constituted

ineffective assistance of counsel and prejudiced his defense. To establish an ineffective assistance of counsel claim, the defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* —— US ——, 104 S Ct 2052, 2064 (1984). The appropriate measure of attorney performance is reasonableness, *State v. Rock,* 92 Wis. 2d 554, 560, 285 N.W.2d 739, 742 (1979), considering all of the circumstances, *Strickland,* —— US at ——, 104 S Ct at 2065. It is the quality of representation that an ordinarily prudent lawyer, skilled and versed in criminal law, gives to clients who privately retain his services. *State v. Harper,* 57 Wis. 2d 543, 557, 205 N.W.2d 1, 9 (1973).

Brooks failed to establish that his trial counsel's performance was deficient. Brooks's trial counsel acted reasonably in deciding not to challenge the execution of the search warrant. The attorney reviewed police reports to investigate the manner in which the search warrant was executed. Based on the police reports, the attorney anticipated that the officers would testify that they knocked at the door, identified themselves, and stated their purpose. After hearing voices and movement inside the dwelling and waiting for someone to answer the door, the officers broke down the locked door. At the preliminary hearing and at trial, a law enforcement official testified consistent with the anticipated testimony.

Brooks claims that the officers did not adequately announce their presence nor allow adequate time for someone to answer the door. He testified that while he was in an upstairs bedroom, he heard the sound of glass breaking. He thought his child had dropped a glass. Brooks testified that he did not hear a knock and that he first became aware of the search when he met an officer with a shotgun as he was coming from his son's

upstairs bedroom. This testimony, however, is consistent with the law enforcement official's testimony that he heard movement and voices inside the home before breaking down the door.

Brooks's trial counsel testified that his decision not to challenge the execution of the search warrant was based on *Morales v. State*, 44 Wis. 2d 96, 170 N.W.2d 684 (1969). In executing a search warrant, an "officer must identify himself and his purpose and . . . allow time for the door to be opened." *Id.* at 106, 170 N.W.2d at 689. The attorney testified that, based on the anticipated testimony and the rule in *Morales*, he believed that a motion to suppress would have no merit. Brooks's counsel acted as an ordinarily prudent lawyer by deciding not to file a motion that he believed had no merit.

Brooks also faults his trial counsel for failing to challenge the entry by claiming that it was made pursuant to an illegal no-knock search warrant. *See State v. Cleveland*, 118 Wis.2d 615, 631, 348 N.W.2d 512, 521 (1984). Brooks testified at the post-conviction hearing that he told his trial counsel before trial that he read "no-knock" on the top of the search warrant. His trial counsel denied that Brooks told him this. The attorney testified that he reviewed what was purported to be the search warrant and that it did not contain a "no-knock" authorization. Whether "no-knock" was noted on the search warrant is irrelevant; the important issue is whether the officers made a no-knock entry in execution of the search warrant. *See id.* (a no-knock entry is constitutional if officers had specific information that would warrant a reasonable belief that justified a no-knock entry in execution of the search warrant). We conclude that Brooks's counsel acted reasonably in deciding, based on his review of the police reports, that the officers had

not made a no-knock entry in execution of the search warrant.

Brooks's second argument relates to the controlled substances conviction. He contends that the jury instruction on the sec. 161.42(1) offense substantially misstated the law. Section 161.42(1) prohibits a person from knowingly maintaining a dwelling that is used for manufacturing, keeping, or delivering controlled substances. In instructing the jury, the court defined "keeping" as "knowing of something's presence, knowing of its accessibility and exercising dominion and control over the place where it is kept. It implies something more than a transitory presence. It means some duration over a period of time."

At trial, Brooks objected to this jury instruction and argued that "keeping" should be defined to also imply permanence. On appeal, he changes his argument and urges us to interpret "keeping" to include the requirement that the controlled substances be kept as part of a larger criminal enterprise. Brooks's failure to object to the jury instruction on this ground does not preclude our review of the issue. Although Brooks is not entitled to review, we may elect to review the issue if the error is so plain or fundamental that it affects his substantial rights. *See Lunde v. State,* 85 Wis.2d 80, 88, 270 N.W.2d 180, 184 (1978).

We read into the noun "keeping" in sec. 161.41(2) the requirement that the controlled substance be kept for the purpose of warehousing or storage for ultimate manufacture or delivery. This construction renders sec. 161.42(1) constitutional. *See State v. Schmit,* 115 Wis. 2d 657, 666, 340 N.W.2d 752, 757 (Ct. App. 1983). Our construction creates a rational basis for separate classifications for mere possession, sec. 161.41(3), and posses-

sion for more sinister purposes, sec. 161.42(1), thus not denying equal protection of the laws under the fourteenth amendment. *See State v. Bleck,* 114 Wis.2d 454, 469, 338 N.W.2d 492, 499 (1983).

Our construction is supported by the context of "keeping" in sec. 161.42(1) and the drafters' notes to the Uniform Controlled Substances Act. The placement of "keeping" in sec. 161.42(1) between the words "manufacturing" and "delivering" suggests that the legislature intended to prohibit more than the simple possession prohibited by sec. 161.41(3). We further note that sec. 161.42(1) is similar to sec. 402(5) of the Uniform Controlled Substances Act. According to the drafters' notes, sec. 402 defines the commercial offenses relating to manufacturing, distributing, and dispensing controlled substances. Unif. Controlled Substances Act § 402, 9 U.L.A. 493 (1979).

Based on our construction of sec. 161.42(1), the trial court misstated the law in the jury instruction. The misstatement affected Brooks's substantial rights. The record contains conflicting evidence on whether Brooks was keeping the cocaine for the purpose of warehousing or storage for ultimate manufacture or delivery. We therefore reverse the sec. 161.42(1) conviction and remand this matter for a new trial.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded. No costs to either party.