**Alton D. BEHLKE, Petitioner–Appellant,**

**v.**

**Patrick FIEDLER, Secretary of the Department of Corrections, Respondent–Appellee.**

**No. 92–2786.**

United States Court of Appeals, Seventh Circuit.

Argued July 7, 1993.

Decided Oct. 4, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 19, 1993.

Allen E. Shoenberger, Monica Coscia, (argued), Loyola University School of Law, Chicago, IL, for petitioner-appellant.

Michael R. Klos, Asst. Atty. Gen., Office of the Attorney General, Wisconsin Dept. of Justice, Madison, WI, (argued), for respondent-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

PER CURIAM.

In 1989 Alton Behlke was convicted in Wisconsin state court of three counts of drug dealing. The judge sentenced him to the maximum sentence for those convictions. In 1984 Wisconsin had convicted Behlke of keeping a dwelling where drugs were sold and for possessing property with altered identification numbers. While in prison for the 1989 drug-dealing convictions, Behlke filed a petition for a writ of error coram nobis challenging his 1984 conviction. The trial court denied the petition, the Wisconsin Court of Appeals rejected Behlke's appeal, and the Supreme Court of Wisconsin declined review of the case. Behlke filed a petition for a writ of habeas corpus in federal court, which the district court denied. Behlke now appeals.

The only issue that we need to address is whether the judge used Behlke's 1984 conviction to augment his 1989 sentence. For even if we assume that Behlke's 1984 conviction was improper, his 1989 sentence is unconstitutional only if the judge used the prior conviction to enhance the current sentence. *Crank v. Duckworth,* 905 F.2d 1090, 1091 (7th Cir.1990). To prove that the judge used the 1984 sentence Behlke must show a "posi-

tive and demonstrable nexus between the current custody and the prior conviction." *Id.* (quoting *Lowery v. Young,* 887 F.2d 1309, 1312 (7th Cir.1989)). "Such a link may be hard to show when the sentencing judge knows about the prior conviction but does not expressly augment the sentence on account of it." *Id.* at 1090–91. The district court confronted that nettlesome problem in this case and answered it by examining what the judge said when he sentenced Behlke in 1989. We agree unwaveringly with Chief Judge Crabb that these comments do not show that he expressly augmented Behlke's 1989 sentence because of his 1984 sentence. Because it is not clear that but for Behlke's prior conviction he would have received a lower sentence, we AFFIRM the district court's decision, adopting the reasons set forth in its dispositive opinion and order which appears in the appendix.[1]

RIPPLE, Circuit Judge, dissenting.

In my view, the appellant has demonstrated an adequate nexus between his 1984 conviction and the 1989 sentence. The trial judge's remarks make it plain that the 1984 conviction played a major role in the determination that the defendant was dealing in drugs and therefore deserved to be punished as a drug dealer.

Accordingly, I respectfully dissent.

## APPENDIX

In the United States District Court for the Western District of Wisconsin.

Alton D. Behlke,

Petitioner,

v.

Patrick Fiedler, Secretary of the Department of Corrections,

Respondent.

92–C–134–C

## OPINION AND ORDER

This is a petition for a writ of habeas corpus. Petitioner, an inmate confined under

---

1. We note, however, that the court on page 491 of its opinion stated that, "That alone is enough to preclude a finding that the prior conviction was not used to enhance the current sentence."

Given the disposition of the case it is obvious that the court did not mean to say "preclude" but rather "support" or some synonym thereof.

the conditions of Community Residential Confinement in Lake Mills, Wisconsin, claims that he is in custody in violation of the laws or Constitution of the United States. 28 U.S.C. § 2254. Petitioner has been granted leave to proceed *in forma pauperis;* a response has been filed; and the petition has been briefed.

Petitioner contends that his present sentence was enhanced improperly through the use of an unconstitutional prior sentence. Respondent contends that petitioner has not exhausted the state court remedies that are available to him, but that even if he had exhausted those remedies, he would be entitled to no relief in this court because he is unable to show that his present sentence has been enhanced by the prior one. I agree with respondent that petitioner cannot show that his prior sentence was used to enhance the present one. If the prior sentence has no effect on the one petitioner is serving, petitioner cannot be said to be in custody pursuant to the prior sentence, and this court lacks jurisdiction over his challenge to that sentence. Therefore, this petition must be dismissed.

In considering habeas corpus petitions, the district court presumes state court findings of fact to be correct unless, upon consideration of the record as a whole, the court concludes that the factual determinations are not "fairly supported" by the record. 28 U.S.C. § 2254(d)(8); *United States ex rel. Savory v. Lane,* 832 F.2d 1011, 1019 (7th Cir.1987). Petitioner does not object to the accuracy or completeness of the state court findings of fact. Therefore, I adopt the following facts, based on the Wisconsin Court of Appeals' decision in *State v. Behlke,* 164 Wis.2d 433, 476 N.W.2d 25, 1991 WL 198139, 1991 Wisc.App. LEXIS 1208 (Unpublished Opinion, Aug. 29, 1991), supplemented by pertinent facts from the record.

## FACTS

On July 16, 1984, petitioner was convicted of one count of keeping a dwelling for delivery of controlled substances in violation of Wis.Stats. §§ 939.05 and 161.42(1), and two counts of possessing personal property with altered identification numbers in violation of Wis.Stats. §§ 939.05 and 943.37(3). He was sentenced to a nine month jail term, which expired on or about April 16, 1985.

On March 7, 1989, petitioner was convicted of two counts of delivery of cocaine in violation of Wis.Stats. §§ 161.41(1)(c)1 and 161.-16(2)(b)1, and one count of delivery of cocaine in violation of Wis.Stats. §§ 161.41(1)(c)2 and 161.16(2)(b)1. Petitioner received the maximum possible sentence on these convictions.

On January 23, 1990, petitioner filed a petition for a writ of error coram nobis, in which he alleged that in his 1984 trial the court had instructed the jury erroneously as to what constitutes "keeping" for purposes of § 161.42. Petitioner relied upon a court of appeals opinion decided after his conviction, *State v. Brooks,* 124 Wis.2d 349, 369 N.W.2d 183 (Ct.App.1985), in which the court concluded that a jury instruction used for § 161.42(1) offenses was defective. Petitioner asserted that the same jury instruction was used in his trial and requested that the trial court vacate his judgment of conviction.

In an affidavit filed in support of his writ of error coram nobis, petitioner alleged that he was not aware that the instructions were defective until after the time for direct appeal had expired. Petitioner's Traverse, Exhibit CI. Petitioner alleged also that the conviction and sentence were used to enhance his 1989 sentence. *Id.* The trial court denied the writ, and petitioner requested reconsideration, asserting that the trial court should have treated his petition as one for relief under Wis.Stat. § 974.06.[1] The trial court denied his motion for reconsideration and petitioner appealed.

---

1. Wis.Stat. § 974.06 provides in pertinent part:

    (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In petitioner's brief to the court of appeals, he again argued the unconstitutionality of the jury instructions given at his trial. He contended that his conviction was subjecting him to "adverse collateral consequences." The court of appeals held that petitioner was not entitled to relief under a writ of error coram nobis because the purpose of that writ is "to give the trial court an opportunity to correct its own record of an error of fact not appearing on the record and which error would not have been committed by the court if the matter had been brought to the attention of the trial court." *State v. Behlke,* 1991 WL 198139 at *1, 1991 Wisc.App. LEXIS at *3 (citing *Jessen v. State,* 95 Wis.2d 207, 213–14, 290 N.W.2d 685, 688 (1980)). Petitioner's complaint went to an error of law, not an error of fact. The court stated that petitioner could have remedied that error by an appeal. With respect to petitioner's contention that the trial court should have treated his petition as one for relief under § 974.-06(1), the court noted that petitioner had to be in custody under the sentence he desired to attack. Because petitioner was in custody as the result of a 1989 conviction, he was not entitled to relief under § 974.06(1).

Petitioner appealed to the Supreme Court of Wisconsin, arguing the same issues that were set forth in his submissions to the trial court and the court of appeals. The supreme court denied review.

### OPINION

Petitioner contends that the jury instructions given in his 1984 conviction misstated the law and caused him to be convicted upon an impermissible theory of liability, in violation of the Fourteenth Amendment. Petitioner contends further that the unconstitutional conviction was used to enhance his 1989 sentences. Respondent questions whether petitioner has exhausted his state court remedies, contending that the issue whether the 1989 sentences were enhanced by the 1984 sentence was not considered by

the court of appeals. Respondent contends also that, nevertheless, petitioner has not met his burden of showing that the 1984 conviction was used to enhance his 1989 sentences.

In his affidavit in support of the writ, petitioner alleged specifically that his current sentence was enhanced by the 1984 conviction. Therefore, the state courts had before them petitioner's argument that he was suffering adverse consequences from the 1984 conviction. However, the court's conclusion that the jury instructional error could have been remedied by appeal, and not by a writ of error coram nobis, demonstrates that the court considered petitioner to have defaulted procedurally by not bringing a direct appeal.[2]

Ordinarily, when a state law procedural default prevents the state court from reaching the merits of a federal claim, the claim cannot be reviewed in federal court. *Ylst v. Nunnemaker,* —— U.S. ——, ——, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991) (citing *Wainwright v. Sykes,* 433 U.S. 72, 87–88, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 485–492, 106 S.Ct. 2639, 2643–2647, 91 L.Ed.2d 397 (1986)). Thus, when a federal court is presented with a habeas petition, the court must determine whether the state court decision rested on a procedural default that is adequate and independent of the federal question; if it did, the habeas petition cannot be reviewed. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir.1991) (federal review of habeas petition foreclosed where the last state court to render an opinion denied consideration on state procedural grounds). An exception to the procedural bar exists if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

When considering whether a state court decision rests on a state procedural default,

---

**2.** Respondent contends that petitioner's inability to obtain review of his claim was because of the procedural defect that he was not in custody pursuant to the sentence he wished to attack. It seems more accurate to say that the procedural defect was petitioner's failure to appeal his 1984 conviction.

the Supreme Court has held that federal courts are to look to "the last explained state court judgment." *Ylst*, ⸺ U.S. at ⸺, 111 S.Ct. at 2595. The Court has developed a rebuttable presumption: where the last reasoned opinion rests explicitly upon a procedural default, the presumption must be "that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.* at ⸺, 111 S.Ct. at 2594.

The last state court to render an explained judgment on petitioner's claim was the Wisconsin court of appeals. That court did not reach the merits of petitioner's claim because of its holdings that the writ of error coram nobis was not the appropriate vehicle by which to challenge the jury instruction and that petitioner was not under custody of the expired 1984 conviction, so as to justify relief pursuant to § 974.06(1). The court noted that the appropriate avenue for relief would have been an appeal. I conclude that because the state court decision rested on a state procedural bar that was independent of the federal claim, this court cannot consider petitioner's federal claim unless he can show cause and prejudice for the default.

Although petitioner does not address the cause and prejudice issue expressly, he alleges that the opinion that gave rise to his claim, *State v. Brooks*, 124 Wis.2d 349, 369 N.W.2d 183 (Ct.App.1985), was not decided until after the expiration of his sentence. Petitioner's Brief, p. 4. This is an allegation of cause for petitioner's failure to pursue a direct appeal, sufficient at least to require a response. (Whether it would constitute cause under the Supreme Court's holdings is a separate question.) Additionally, petitioner reiterates throughout his submissions that the 1984 conviction caused his 1989 sentences to be enhanced, showing that he was prejudiced allegedly by the 1984 conviction. Ordinarily, I would give respondent an opportunity to respond to petitioner's allegations of cause and prejudice for the default. However, additional briefing is not necessary because I conclude that even if petitioner were able to show cause and prejudice conclusively, I would have to deny the petition on its merits.

The law in this circuit is that a petitioner must establish plainly that his current sentence has been enhanced by the allegedly illegal prior sentence. *See, e.g., Crank v. Duckworth*, 905 F.2d 1090 (7th Cir.1990), in which the court of appeals held that "[t]o obtain relief under § 2254 the prisoner must show that his *current* confinement violates the Constitution or laws of the United States. That will be so only if the prior judgments not only are invalid but also were used to augment the current one." *Id.* at 1091. The court counseled that the causation question should be answered first. The prisoner bears the burden of establishing a "positive and demonstrable nexus between the current custody and the prior conviction." *Id.* (quoting *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir.1989)). The court acknowledged that the causation hurdle would be difficult to surmount where the sentencing judge knows about a prior conviction but does not enhance the sentence expressly on account of it. In *Crank*, the petitioner was sentenced under the recidivist statute, making it easy for him to meet the causation requirement.

Petitioner has submitted portions of the transcript from his 1989 sentencing as evidence that the sentencing judge used his 1984 conviction to enhance his 1989 sentences. The relevant quotes from the assistant attorney general and the court are as follows:

The facts and circumstances of this case, my analysis—and I hope the Court will agree—Certainly the analysis of the presentence investigator that did a very intense and thorough examination of Mr. Behlke, his involvement, the fact of the matter being that he was previously convicted, both of drug offenses and of other felonies, violent felonies which evidence the use of violence, all go, it seems to me, to one conclusion and one conclusion only; that because of the need for protection of the public and because of the character of this offender and because of the kind of charges that he's facing today, Alton Behlke deserves to be imprisoned for the maximum term of 15 years in the state prison system. Thank you.

\*     \*     \*     \* .     \*     \*

THE COURT: Mr. Behlke was not in the courtroom when I sentenced Mr. Gassen and Miss Luck. I'm not sure I can repeat all the statements I have made in both of those sentencings except to say to Mr. Behlke, I am certain that you are well aware that your conduct was against the law because you had a prior conviction involving controlled substances. The State of Wisconsin, through negotiations, deleted that prior conviction as a repeater offense which reduced the maximum possible imprisonment from 44 years down to a maximum of 20 years; and now with Count 7 being dismissed, it is down to 15 years.

But the public is becoming awfully sick and tired of the people who continue to be involved in controlled substances. You have already had a brush with the law in 1984 involving drugs. And as I previously stated in the two prior sentencings, that there are only four indications that we have of your drug dealings, except the search warrant exercised in your house would indicate that your drug dealings were much more than these possible four dates that have been obtained during this investigation. And I would have to call you nothing else but a drug dealer. Nothing short of that.

. . . . .

Trial transcript, March 7, 1989, Circuit Court for Jefferson County.

Petitioner alleges also that had the trial court not considered his 1984 conviction, he would not have received maximum consecutive sentences. Petitioner points to the fact that his co-defendants were convicted of more counts of delivery of cocaine than he but received lighter sentences than petitioner.

The excerpts from the sentencing do not establish the causation element required by *Crank*. The court mentioned petitioner's prior conviction twice: once as a reference to the fact that petitioner knew his conduct was unlawful and once to include petitioner as a member of the group whose repeated brushes with the law have irritated society. Nowhere did the court mention that *because of* the 1984 conviction, petitioner would re-

ceive the maximum sentence. Indeed, the court noted that the prior offense was being deleted as a repeater offense, reducing petitioner's potential sentence by 24 years. That alone is enough to preclude a finding that the prior conviction was not used to enhance the current sentence.

Similarly, the assistant attorney general referred to petitioner's prior conviction once, and only as evidence of his character. The assistant attorney general did not ask that the prior conviction be used to augment petitioner's sentence. The arguments raised in support of the maximum sentence were the need to protect the public from petitioner's violent character and the nature of the *present* charges petitioner was facing.

Finally, petitioner's contentions that his co-defendants received lighter sentences do not establish that petitioner received a harsher sentence because of his 1984 conviction. Many factors may have been considered by the trial judge in sentencing petitioner's co-defendants, such as the evidence adduced at the trial or the information presented in their pre-sentence reports. Moreover, the assistant attorney general may not have argued for maximum sentences with respect to these two co-defendants. Whatever the reasons, the link between the sentences petitioner and his two co-defendants received is too weak to confirm petitioner's assumption that his prior conviction was used to enhance his 1989 sentences.

I conclude that petitioner has not carried his burden of proving a "positive and demonstrable nexus between the current custody and the prior conviction." *Crank*, 905 F.2d at 1091. Because petitioner has failed to establish the causation element of his claim, he has failed to establish that he is in custody because of an allegedly illegal sentence. Therefore, this court has no jurisdiction to hear his petition for relief pursuant to 28 U.S.C. § 2254. His petition for a writ of habeas corpus will be denied.

### ORDER

IT IS ORDERED that petitioner's petition for a writ of habeas corpus is DENIED with prejudice.

Entered this 6th day of July, 1992.

BY THE COURT:

/s/ Barbara B. Crabb

BARBARA B. CRABB
District Judge