# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 26, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP375-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CF254

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES A. CARROLL, JR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Jefferson County: WILLIAM F. HUE and WILLIAM V. GRUBER, Judges. *Affirmed*.

¶1 FITZPATRICK, J.[1] James Carroll appeals a judgment of conviction and an order of the circuit court for Jefferson County denying his motions for

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

postconviction relief.[2] Carroll pled no contest to one count of fourth-degree sexual assault, and the sentence imposed included requiring Carroll to register as a sex offender. Carroll filed a postconviction motion to withdraw his plea of no contest based on the alleged ineffective assistance of his trial counsel. In the alternative, Carroll moved postconviction to modify the court's requirement that he register as a sex offender. The court denied the motions and Carroll appeals. I affirm.

## BACKGROUND

¶2 There is no dispute as to the following facts.

¶3 Carroll was charged with one count of second-degree sexual assault contrary to WIS. STAT. § 940.225(2)(cm), a class C felony.[3]

¶4 The following testimony was adduced at the preliminary hearing. An officer with the Jefferson County Sheriff's Office performed a welfare check at the residence of S.W.[4] and called for an ambulance to transport S.W. to the hospital to treat her intoxication. S.W. disclosed to the officer that she had been sexually assaulted by Carroll. At the hospital, another officer spoke with S.W., and S.W. recounted that Carroll had been in her apartment the prior evening to repair an appliance. S.W. stated that she had been heavily intoxicated and had

---

[2] The Honorable William F. Hue entered the judgment of conviction. The Honorable William V. Gruber entered the order denying Carroll's postconviction motion.

[3] Carroll was also charged with two counts of misdemeanor bail jumping, but those charges are not relevant to this appeal and will not be mentioned further.

[4] I refer to the victim as "S.W.," rather than by name, because she is the victim of a crime. *See* WIS. STAT. RULE 809.86(4).

passed out while Carroll was performing the repairs. When she next woke, she recalled that Carroll was lying next to her with his hand up her blouse. S.W. then passed out again and, when she awoke later, Carroll had left the apartment.

¶5 Attorney Gonzalez was appointed as trial counsel. Gonzalez prepared for trial, including designating an expert witness. However, on the morning of the scheduled trial, Gonzalez was allowed to withdraw from representation of Carroll and the trial was postponed.

¶6 The State Public Defender then appointed Attorney De La Rosa to represent Carroll. Attorney De La Rosa met with Carroll before the new trial date to discuss the case, but did not retain the expert witness that Attorney Gonzalez had designated. Carroll pled no contest to a reduced charge of one count of fourth-degree sexual assault, a Class A misdemeanor, contrary to WIS. STAT. § 940.225(3m). The circuit court sentenced Carroll to three years of probation and placed Carroll on the Sex Offender Registry for the length of probation plus fifteen years. Carroll's probation was later revoked and the circuit court sentenced him to nine months in jail.

¶7 Carroll again had counsel appointed and filed a postconviction motion to withdraw his plea of no contest or, in the alternative, to modify his sentence. Carroll argued that his plea should be withdrawn because Attorney De La Rosa provided ineffective assistance of counsel by "coerc[ing]" Carroll into pleading no contest and by failing to properly investigate a defense. In the alternative, Carroll argued that the circuit court should remove the sentence condition requiring Carroll to register as a sex offender. The circuit court held a

*Machner*[5] hearing and denied Carroll's motions. Carroll appeals. Other material facts will be mentioned in the following discussion.

## DISCUSSION

¶8  Carroll makes two arguments on appeal. First, he argues that the circuit court erroneously denied his motion for sentence modification because purported new factors require that the court remove the condition that Carroll register as a sex offender. Second, Carroll argues that the circuit court erroneously denied his motion to withdraw his no contest plea based on Attorney De La Rosa's alleged ineffective assistance of counsel. Each argument is addressed in turn.

## I.  Sentence Modification.

### A.  Governing Principles and Standard of Review for Sentence Modification.

¶9  "[A] circuit court [has] discretion to modify sentences in an appropriate case." *State v. Vaughn*, 2012 WI App 129, ¶35, 344 Wis. 2d 764, 823 N.W.2d 543 (quoting *State v. Harbor*, 2011 WI 28, ¶51, 333 Wis. 2d 53, 797 N.W.2d 828). Under established law, a "new factor" may justify a circuit court's exercise of its discretion to modify a sentence. *Id.* A "new factor" is defined as:

> [A] fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Harbor*, 333 Wis. 2d 53, ¶40 (citing *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975)). Whether a fact or set of facts presented by the defendant

---

[5]  *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

4

constitutes a "new factor" is a question of law that we review de novo. *Id.*, ¶33. "[W]hether that new factor justifies sentence modification is committed to the discretion of the circuit court, and we review such decisions for erroneous exercise of discretion." *Id.* The defendant has the burden to demonstrate by clear and convincing evidence the existence of a new factor. *Id.*, ¶36.

### B. The Circuit Court Did Not Err in Denying Carroll's Motion.

¶10    Carroll argues that the sex offender registration requirement must be removed from his sentence based two new factors: Carroll's age and medical conditions. The State responds that this information is not a new factor because it was known by the circuit court at the time of Carroll's sentencing.

¶11    Carroll's argument fails because that information does not constitute a "new factor." As explained earlier, a "new factor" is a "fact or set of facts highly relevant to the imposition of sentence, but *not known to the trial judge at the time of original sentencing*." *Id.*, ¶40 (emphasis added). In this case, Carroll's medical conditions were discussed extensively at the plea and sentencing hearing, including his Crohn's Disease, high blood pressure, and ADHD. Additionally, Carroll's counsel noted at this hearing that Carroll was in his mid-sixties. As a result, I conclude that the circuit court knew about Carroll's medical conditions and age at the time of sentencing. Therefore, Carroll has not shown by clear and convincing evidence the existence of a new factor. *Id.*, ¶36.

¶12    I now address Carroll's argument that he should be allowed to withdraw his plea.

## II. Plea Withdrawal.

### A. Governing Principles and Standard of Review for Plea Withdrawal.

¶13    "To withdraw a guilty plea after sentencing, a defendant must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in manifest injustice, that is, that there are 'serious questions affecting the fundamental integrity of the plea.'" *State v. Dillard*, 2014 WI 123, ¶36, 358 Wis. 2d 543, 859 N.W.2d 44 (quoting *State v. Denk*, 2008 WI 130, ¶71, 315 Wis. 2d 5, 758 N.W.2d 775).   The defendant has the burden to establish manifest injustice. *Id.*

¶14    One way that a defendant can demonstrate manifest injustice is to establish that he or she received ineffective assistance of counsel.   *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996).   To demonstrate that counsel's assistance was ineffective, the defendant must establish that counsel's performance was deficient and that the deficient performance was prejudicial. *Dillard*, 358 Wis. 2d 543, ¶85 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).   Counsel's performance is deficient if it falls below "an objective standard of reasonableness." *State v. Breitzman*, 2017 WI 100, ¶38, 378 Wis. 2d 431, 904 N.W.2d 93.   In general, there is a strong presumption that trial counsel's conduct "falls within the wide range of reasonable professional assistance." *Id.* Counsel's performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, ¶39.

¶15    When examining a claim of ineffective assistance of counsel, this court will uphold the circuit court's findings of historical facts unless those are

clearly erroneous. *Dillard*, 358 Wis. 2d 543, ¶86. However, an appellate court independently determines whether those facts demonstrate that defense counsel's performance met the constitutional standard for ineffective assistance of counsel. *Id.*

## B. The Circuit Court Did Not Err by Denying Carroll's Motion to Withdraw His Plea.

¶16  Carroll argues that De La Rosa provided ineffective assistance because Attorney De La Rosa coerced Carroll into pleading no contest to the sexual assault charge. Specifically, Carroll contends that he felt "hopeless" and "strong-armed" into pleading because his trial counsel inadequately prepared for trial, failed to contact an expert witness, and stated to Carroll that he believed Carroll was guilty. The State responds that Carroll not only fails to explain how Attorney De La Rosa's performance was constitutionally deficient, but also does not explain how that deficient performance affected the outcome. For the following reasons, I conclude that Carroll has failed to demonstrate that Attorney De La Rosa's assistance was constitutionally ineffective.

¶17  First, Carroll does not explain in any meaningful way how his trial counsel's performance was deficient. Attorney De La Rosa testified at the *Machner* hearing that he prepared the case as if it were going to trial, but had not prepared as much as he would have if the case was closer to trial. Additionally, trial counsel described in detail his process for deciding whether to contact an expert witness and testified that he believed the State's plea offer was a good option for Carroll. The circuit court found that Attorney De La Rosa's testimony about his actions in representing Carroll was credible and convincing.

¶18 Because the circuit court is in the best position to observe witness demeanor and gauge the persuasiveness of testimony, it is the "ultimate arbiter" for credibility determinations when acting as a fact finder. *Johnson v. Merta*, 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980); *see also* WIS. STAT. § 805.17(2) ("[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). Carroll provides no viable basis for overturning the circuit court's determinations that trial counsel provided a credible and convincing explanation for his conduct prior to Carroll's plea and that counsel's performance was not deficient. As a result, I agree with the circuit court that trial counsel's performance did not fall below "the wide range of reasonable professional assistance." *Breitzman*, 378 Wis. 2d 431, ¶38.

¶19 Second, Carroll fails to establish that Attorney De La Rosa's purportedly deficient performance was prejudicial; in other words, that Carroll would have gone to trial absent trial counsel's alleged errors. The circuit court found that Carroll's testimony at the postconviction hearing about counsel's actions or inactions coercing Carroll into accepting the plea deal was not credible or convincing. As a result, Carroll has not demonstrated that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, ¶39.

¶20 Therefore, I conclude that Carroll's trial counsel did not provide ineffective assistance.[6]

**CONCLUSION**

¶21 For the foregoing reasons, the judgment and order of the circuit court are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Carroll could also be understood as arguing that his purportedly coerced plea should be withdrawn as an involuntary plea. However, because Carroll provides no legal authority to support that claim, his argument need not be considered. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). In any event, a lawyer's efforts to persuade a defendant to accept a plea does not render the defendant's plea involuntary. *State v. Rock*, 92 Wis. 2d 554, 563-64, 285 N.W.2d 739 (1979) (holding that trial counsel's belief in the defendant's guilt does not amount to coercion); *State v. Goyette*, 2006 WI App 178, ¶26, 296 Wis. 2d 359, 722 N.W.2d 731 ("If a lawyer's advice to a client that a plea offer represents a good deal amounts to coercion, then few guilty pleas could stand.").